ORCASITAS, RECURRENTE *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas sobre calificación de defectos subsanables en la inscripción de una escritura de venta judicial.

No. 206.—Resuelto en diciembre 24, 1914.

VENTA JUDICIAL OTORGADA POR UN SUBMARSHAL—CONOCIMIENTO JUDICIAL POR UN REGISTRADOR, DE LOS SUBMARSHALS—DEFECTOS SUBSANABLES.—Un registrador de la propiedad en Puerto Rico no puede tener conocimiento judicial de los submarshals de las cortes de distrito y constituye un defecto subsanable en una escritura de venta judicial otorgada por un submarshal el no justificarse debidamente el nombramiento de dicho funcionario, no siendo suficiente la

certificación que hace el notario de que el compareciente está desempeñando el cargo de submarshal.

ID.—TRANSCRIPCIÓN EN LA ESCRITURA DE LA ORDEN DE EJECUCIÓN Y DEL ACTA DE LA SUBASTA—DEFECTOS SUBSANABLES.—Constituye un defecto subsanable el no transcribir en una escritura de venta judicial la orden de ejecución y el acta de la subasta o el no presentar al registrador junto con dicha escritura copia certificada de dichos documentos o su equivalente, no siendo suficiente el que el notario haga referencia a dichas constancias en la escritura.

ID.—CALIFICACIÓN DEL DOCUMENTO—FACULTADES DE LOS REGISTRADORES.—Los registradores tienen facultades para examinar cuando se presente para su inscripción una escritura de venta judicial en un procedimiento sumario hipotecario, si se ha cumplido con la ley que regula dicho procedimiento y si el requerimiento de pago fué hecho a la persona que ordena la ley.

ID.—PRESUNCIÓN EN TALES CASOS.—En las ventas judiciales no existe la presunción de que todo se haya hecho en debida forma por el marshal, sino que incumbe al comprador probar al registrador mediante documentos auténticos que se ha observado la ley.

ID.—PROCEDIMIENTO SUMARIO HIPOTECARIO CONTRA UNA SUCESIÓN—DESIGNACIÓN DE LAS PERSONAS QUE COMPONEN LA SUCESIÓN—DEFECTO SUBSANABLE.—Constituye un defecto subsanable el no expresarse en una escritura de venta judicial en virtud de un procedimiento sumario hipotecario, las personas que componen dicha sucesión.

ID.—EXPRESIÓN DEL TÍTULO DE ADQUISICIÓN POR UNA SUCESIÓN.—De acuerdo con la jurisprudencia sentada en los casos de *Pasalacqua Hermanos & Co.* v. *El Registrador*, 6 D. P. R., 86, y *Zayas* v. *El Registrador*, 14 D. P. R., 607, no es necesario para inscribir una escritura de venta judicial en virtud de un procedimiento sumario hipotecario seguido contra la sucesión del deudor, el expresar en dicha escritura la forma en que dicha sucesión adquirió la finca ejecutada, ni inscribir previamente en el registro dicha finca a nombre de los herederos que componen dicha sucesión.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El Registrador sustituto Sr. Lorenzo Jiménez García comparecio por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

En nueve de octubre fué presentada en el Registro de la Propiedad de Caguas para su inscripción una escritura otorgada por el sub-márshal de la Corte de Distrito de Humacao Don Rafael Más, a favor del recurrente, e inscrita con ciertos defectos subsanables. El promovente niega que existan tales defectos subsanables los cuales discutiremos por su orden correspondiente.

El primer defecto alegado fué que en la escritura otorgada con motivo de una venta judicial no se acreditó debida-

mente que Rafael Más fuera un sub-márshal de la corte de
de distrito.    No podemos estar conforme con la alegación
hecha por el recurrente respecto a que es suficiente la cer-
tificación del notario para acreditar que Rafael Más era sub-
márshal de la Corte de Distrito de Humacao.    El notario, se-
gún la ley notarial, tiene que dar fe de que conocía a las par-
tes, habiendo en efecto dado fe en este caso de dicho conoci-
miento.    El notario no dió ni podía dar fe del conocimiento
personal que tuviera de que determinada persona estuviera
desempeñando cierto cargo o compareciera con determinado
carácter.    Un Registrador en Puerto Rico no puede tomar
conocimiento judicial de los sub-márshals de la Corte de Dis-
trito en este caso.    Tal vez podría tomar conocimiento judi-
cial del cargo del márshal, pero por lo regular es éste último
funcionario quien debe hacer la venta judicial y en los casos
en que sea el sub-márshal el que verifica dicha venta el regis-
trador tiene derecho a exigirle prueba de que es tal submár-
shal y que acredite su autoridad.    El márshal es elegido por
el pueblo.    Los submárshals nó y son nombrados y separa-
dos a voluntad del márshal.    La actitud asumida por el re-
gistrador en cuanto a este primer defecto fué enteramente co-
rrecta.

Señaló el registrador como segundo defecto, que la escri-
tura que fué presentada para inscripción no contenía la orden
de ejecución ni el acta de la subasta.    El registrador llama la
atención de este tribunal en su contestación hacia el hecho de
no constar en la escritura estos dos documentos y alega que
faltaba el requerimiento de pago.    El recurrente alega que
todo esto consta de modo suficiente de las manifestaciones
que hace el notario en la escritura, si bien resulta, al parecer,
que la venta que se hizo al recurrente fué de acuerdo con el
procedimiento sumario de la ley hipotecaria y por tanto
somos del parecer del registrador al expresar que es de su in-
cumbencia el observar si se cumple con el referido procedi-
miento sumario y no del notario.    No es bastante con qué
el notario haga referencia al procedimiento habido ante una

corte de distrito, sino que deben presentarse copias de aquellos procedimientos que sean necesarios al registrador para que pueda tener la oportunidad de saber si se ha cumplido con la ley, o deben transcribirse en la escritura, tomándolos de sus originales o de copias debidamente expedidas y certificadas. De ninguna otra manera podrá quedar protegido el derecho de un comprador subsiguiente. Los documentos originales o copias de los mismos, como alega el registrador, eran de absoluta necesidad en este caso puesto que el procedimiento hipotecario fué seguido contra el deudor José Jiménez Saurí o su sucesión y la cuestión relativa a si el requerimiento de pago se hizo a la debida persona era una, acerca de la cual, podía propiamente investigar el registrador. No existe en las ventas judiciales la presunción de que todo se haya hecho en forma adecuada por el márshal sino que incumbe al que compra probar al registrador mediante documentos auténticos que se ha observado la ley.

Los casos de *Carbonell* v. *El Registrador,* 16 D. P. R., 440, y de *Vázquez* v. *El Registrador,* 19 D. P. R., 1133, son de alguna aplicación, aunque en ellos las ventas se hicieron en la corte municipal y no estaba envuelto en los mismos el procedimiento sumario de la ley hipotecaria.

El tercer defecto que ha sido alegado se refiere a que en la escritura no se expresó quienes eran las personas que componían la sucesión de José Saurí. Estamos de acuerdo con el registrador en que si era necesaria la notificación o citación a la indicada sucesión debió haberse hecho constar quienes la componían con el objeto de que dicho registrador pudiera determinar si dicha notificación fué hecha en forma adecuada.

Con respecto al cuarto defecto nos inclinamos a opinar con el recurrente en que no era preciso expresar en la escritura la forma en que adquirió la sucesión o que la finca debía ser inscrita en el registro a nombre de los herederos. *Passalacqua Hermanos & Co.* v. *El Registrador,* 6 D. P. R., 86; *Zayas* v. *El Registrador,* 14 D. P. R., 607.

Debe confirmarse la nota recurrida en lo que se refiere a los tres primeros defectos alegados y revocarse en cuanto al cuarto.

> *Confirmada la nota recurrida en cuanto a los tres primeros defectos subsanables y revocada en cuanto al último.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.