Ramírez, Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Segunda, denegando la inscripción de una escritura de segregación y traspaso de un solar.

No. 555.—Resuelto en febrero 16, 1923.

Embargo — Venta Judicial de Finca Gravada con Anotación de Embargo — Parte en el Procedimiento.—Una anotación de embargo no puede producir el efecto de impedir la ejecución de gravámenes anteriormente existentes sobre una propiedad ni la venta judicial de ésta, aunque si la persona a cuyo favor fué decretado el embargo no es hecha parte en el procedimiento de ejecución, entonces la venta judicial y todos los sucesivos traspasos estarán sujetos al gravamen del embargo, siendo la anotación un aviso a los compradores de la posible existencia de derechos a favor del acreedor embargante.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. M. Guerra.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En febrero 10 de 1921, un minuto después de las ocho, fué presentada en el registro para su inscripción una escritura de hipoteca que tres días antes había sido otorgada por Gabriel Guerra a favor de Arturo Guerra, la que después, y

en el mismo día, quedó debidamente inscrita. A las 3 y 40 minutos de la tarde del día arriba citado en primer término, una anotación de embargo con prohibición de enajenar, de fecha febrero 10 y procedente de la Corte Federal en un pleito seguido por el American Colonial Bank contra la Specialty Shop for Automobiles, Inc., y Gabriel Guerra, fué presentada, y al día siguiente, o sea, el 11, anotada en el registro. En agosto 30 del mismo año una escritura que había sido otorgada el 15 de dicho mes por el marshal de una corte de distrito insular traspasando la propiedad en cuestión a Arturo Guerra como consecuencia de una venta en ejecución de hipoteca en procedimientos seguidos por dicho Arturo Guerra contra Gabriel Guerra, se presentó al registro y quedó inscrita sin objeción alguna.

En octubre 24 una escritura otorgada por Arturo Guerra a favor del recurrente, de segregación y traspaso a este último de un solar de 414 metros cuadrados de la propiedad citada, fué presentada y denegada su inscripción por estar vigente una anotación de embargo con prohibición de enajenar, que constaba como gravamen de la finca principal.

No podemos estar conformes, ya con el recurrente en que el efecto de la venta judicial, sin otra cosa, era cancelar la anotación de embargo, *ipso facto*, o con el registrador en que la orden de la Corte Federal prohibiendo una venta era necesariamente un *injunction in rem* obligatorio para los anteriores tenedores de gravámenes que no eran partes en la acción establecida por el banco. Por lo menos la certificación remitida por el registrador a virtud de requerimiento de esta corte, no revela que tal era el carácter y efecto de la orden, y no podemos tener ninguna presunción fuerte en este sentido. Por otra parte, el propio embargo permanece como carga sobre la propiedad hasta que sea cancelado, ya por mandato judicial o por el consentimiento formal del banco.

Esa circunstancia, sin embargo, no podía haber producido el efecto de impedir la ejecución de gravámenes anteriores

y la venta judicial de la propiedad, como resultado de tal procedimiento, ya con sujeción al gravamen del embargo si el banco no era parte, o libre de todo gravamen si siendo hecho parte el posterior tenedor del gravamen, dejó de reclamar sus derechos y la corte, en vista de tal omisión, así lo había ordenado.

Habiendo sido inscrita sin objeción la escritura otorgada por el márshal, no estamos llamados a resolver ninguna cuestión que afecte a la jurisdicción de la corte en los procedimientos de ejecución por relacionarse con la cualidad de elegible para ser inscrito del documento ya aceptado por el registrador como suficiente para llenar el fin para el cual fué otorgado.

De todos modos, la mera circunstancia de una anotación de embargo no es obstáculo insuperable para un traspaso por el actual dueño con título inscrito, sin perjuicio, desde luego, del efecto de tal anotación como aviso al comprador en el cual se le apercibe de la existencia de cualesquiera derechos pendientes del acreedor embargante.

Debe revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.