Manuel González Martínez y Genaro Cautiño, recurrentes, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

No. 772.—*Sometido:* Junio·25, 1929. *Resuelto:* Julio 9, 1929.

*V. M. Fernández*, abogado de los recurrentes; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR TEXIDOR emitió la opinión del tribunal.

En este caso se trata de una escritura de venta judicial, otorgada ante el Notario Don Victoriano M. Fernández por el Márshal de la Corte de Distrito de San Juan, Don Eduardo Urrutia, en 23 de marzo de 1929, y a favor de Don Manuel González Martínez y Don Genaro Cautiño Insúa. En la escritura se menciona una hipoteca constituida por Don Rufino o Ruperto Sierra y su esposa a favor de los citados señores González Martínez y Cautiño, y se relaciona su ejecución por ante la Corte de Distrito de San Juan, en procedimiento hipotecario, insertándose en copia literal, el mandamiento expedido al Márshal, en cuyo documento se relaciona la orden de requerimiento, diligenciado de la misma, resolución de subasta y remate. Asimismo se copia el edicto de subasta; y se hace constar que, celebrada ésta, sólo comparecieron los acreedores, que ofrecieron por la finca seiscientos dollars, y que se les hizo la adjudicación, según aparece del acta de subasta y remate, que se copia. Y la escritura se otorga por el Márshal a nombre de los deudores.

Presentada en el Registro de la Propiedad la primera copia de tal escritura, el Registrador denegó la inscripción, con la nota que, copiada, dice así:

"Denegada la inscripción del precedente documento porque los deudores Ruperto o Rufino Sierra y María Santos Arroyo fueron requeridos de pago por Juan Ortega Sánchez, según su declaración jurada, y no por el Márshal de la Corte de Distrito de este distrito o por un submárshal, que es el funcionario público a quien incumbe la práctica de esa clase de diligencias, lo que anula el procedimiento y tomo en su lugar anotación preventiva por ciento veinte días a favor de Manuel González Martínez y de Genaro Cautiño Insúa."

Contra esa nota se ha interpuesto el presente recurso.

El Registrador tiene razón en su nota denegatoria.

Hemos estudiado la escritura, y de sus insertos aparece que la diligencia de requerimiento fué practicada, no por el márshal o uno de los submárshals, sino por un particular.

La diligencia de requerimiento tiene carácter procesal, y debe diligenciarse por un funcionario responsable, y a las órdenes de la corte, por regla general. Esta es la que ordena se requiera; y un funcionario suyo debe cumplir la orden. Cuando la ley ha querido permitir que un particular pueda llenar ciertas funciones, lo ha expresado claramente; así, en el artículo 92 del Código de Enjuiciamiento Civil, se declara que la citación puede hacerse por el márshal del distrito en que se encuentre el demandado, ó por una persona mayor de 18 años que no sea parte en la acción. Probablemente la justificación de esta libertad se halla en que el pleito no es todavía tal, y el Juez o la Corte, en ese momento y para esos fines, no está actuando. Pero cuando la autoridad para un acto judicial viene directamente del juez o la corte, entendemos que a funcionarios auxiliares de las cortes es a quienes compete cumplir las órdenes que de tal autoridad emanen. El cumplimiento por un particular es materia de excepción, y sólo puede darse cuando no se requiere la intervención de autoridad en el acto.

El mismo recurrente, al copiar las definiciones de Escriche, sostiene la teoría del Registrador. Aparece en su alegato la siguiente definición dada por Escriche:

"Requerimiento.—El acto judicial por el cual se amonesta que se haga o se deje le ejecutar alguna cosa; y la intimación, aviso o noticia que se pasa a uno haciéndolo sabedor de alguna cosa con autoridad pública."

El acto, según se ve, es judicial; y su ejecución ha de realizarse por quien tenga un carácter judicial.

En la página 12 del alegato de los recurrentes se cita a Morel y Terry, pag. 54, Tomo 4 de su obra. Pero la cita no favorece la posición de los recurrentes, ya que claramente se expresa que el requerimiento por Notario se hace si es *anterior* a la demanda; y si se hace después, como es el juez el que ordena se requiera, debe hacerse judicialmente.

*Debe confirmarse la nota recurrida.*