Banco Territorial y Agrícola de Puerto Rico, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

No. 821.—*Sometido:* Noviembre 3, 1930. *Resuelto:* Enero 21, 1931.

 

*Andrés Mena,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR. DEL TORO, emitió la opinión del tribunal.

En este caso sólo se ha presentado el escrito interponiendo el recurso acompañado de los mandamientos a que se refiere y que contienen la nota del registrador. Ni el recurrente ni el registrador se han servido ilustrar al tribunal usando de la oportunidad que el reglamento de esta corte les ofrece. No es ésa una buena práctica. Mientras mejor se presenten ambos lados de la cuestión envuelta, mayor seguridad de acierto habrá para la resolución del tribunal, y más clara y precisa será la jurisprudencia que se establezca.

Con los elementos puestos a nuestro alcance, veamos cuál es el caso. Según aparece del escrito, en el pleito de Orcasitas contra la Sucesión Crespo, sobre ejecución de hipoteca, seguido en la Corte de Distrito de Humacao, se dictó una orden, que transcribe el recurrente en su escrito, mandando cancelar diferentes gravámenes que pesaban sobre la finca ejecutada que se adjudicó en el acto del remate al recurrente, a virtud de mandamientos que librara al Registrador de Caguas el secretario de la corte. Se libraron los mandamientos y en ellos no consta todo lo que consta en la orden. Los mandamientos han venido en forma auténtica y fehaciente. La orden no.

Recibidos los mandamientos, el registrador canceló algunos gravámenes y negó la cancelación de otros, así:

". . . y denegada la cancelación en cuanto a la anotación del em-

bargo a favor de Ramón Díaz Reyes y la anotación de gravámenes por sentencia a favor de Antonio L. López . . . porque dichos señores Díaz y López no fueron notificados del pleito sobre ejecución de hipoteca, el primero de acuerdo con lo dispuesto en el último párrafo del Art. 171 del Reglamento Hipotecario, y el segundo, de acuerdo con lo dispuesto en el párrafo segundo del Art. 172 del mismo Reglamento Hipotecario y con lo resuelto por la Corte Suprema de P. R. en el caso *Ramírez, Recurrente* vs. *el Registrador de San Juan, Recurrido*, 31 D.P.R. 511. . . ''

En la orden se dice que se publicaron los edictos de ley y que los acreedores posteriores fueron notificados. Conocemos lo que asegura el registrador. La orden no consta, como hemos dicho, en forma auténtica y fehaciente. Y aunque constara, sus términos generales debieron ser concretados ante la afirmación del registrador. Debemos en tal virtud aceptar que en el caso del embargo a favor de Reyes, éste no fué notificado de acuerdo con el último párrafo del artículo 171 del Reglamento Hipotecario, y que en el caso de la anotación del gravamen por sentencia a favor de López, a éste no se le notificó de acuerdo con lo dispuesto en el párrafo segundo del artículo 172 del citado reglamento.

En su indicado escrito, el recurrente se limita a invocar y transcribir el artículo 125 de la Ley Hipotecaria tal como quedó enmendado por la Ley número 31 de 1912, y a sostener que ''de acuerdo con el preinserto artículo y la jurisprudencia establecida en casos análogos por ese Honorable Tribunal Supremo, fueron notificados de la ejecución de dicha hipoteca todos los acreedores posteriores a la misma, o sea unos personalmente y otros por medio de los correspondientes edictos, según se comprueba del mandamiento de cancelación y de la Orden de la Honorable Corte de Distrito de Humacao, en virtud de la cual se expidieron por el secretario al señor Registrador de la Propiedad de Caguas, los referidos mandamientos de cancelación por duplicado''. Y nada más.

No debe invocarse la jurisprudencia de esta corte en la forma que aquí se invoca. Debe serse más preciso.

No hay duda alguna que de acuerdo con el artículo 125 procede la cancelación de los gravámenes posteriores que pesen sobre una finca cuando la finca, en ejecución de una primera hipoteca, se vende en pública subasta y su producto sólo alcanza a cubrir dicha primera hipoteca, pero ello tiene lugar cuando se cumplen los preceptos de ley que protegen a los dueños de los gravámenes posteriores, habiéndose dejado de cumplir en este caso, según afirma el registrador, los exigidos en el párrafo final del artículo 171 y en el segundo párrafo del artículo 172, ambos del Reglamento para la Ejecución de la Ley Hipotecaria, a saber:

"Cuando en las certificaciones del registro de la propiedad consten los domicilios de las personas interesadas en las responsabilidades que se hubieran inscrito después del derecho del actor, el juez mandará, a la vez que el requerimiento de pago, que se intente la notificación del auto a dichas personas interesadas en aquellos domicilios si en ellos fueren habidas."

"Estos edictos señalarán el día, hora y sitio del remate, y servirán también para hacer saber la subasta a los acreedores que tengan inscritos o anotados sus derechos sobre los bienes con posterioridad al del ejecutante, y con los cuales no hubiere tenido efecto la notificación que prescribe el párrafo final del artículo 171, debiendo expresarse, al efecto, los nombres de estos interesados, según resulten de la certificación del registro, para que puedan concurrir a la subasta si les conviniere."

Era el deber del apelante demostrar que esos preceptos se cumplieron, o que no son aplicables a su caso. No lo ha hecho, *y en su consecuencia su recurso debe declararse sin lugar y confirmarse la nota.*