PEDRO FERRER LEÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 876.—*Sometido:* Diciembre 12, 1932. *Resuelto:* Diciembre 20, 1932.

*F. Navarro Ortiz,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

---

* NOTA: Véase el prefacio.

Pedro Ferrer León adquirió en pública subasta una finca urbana que le fué adjudicada en pago de un crédito hipotecario de $4,000, intereses y créditos adicionales para costas y gastos. Al iniciarse el procedimiento ejecutivo, constaba inscrita en el registro de la propiedad una segunda hipoteca de $2,756.52, a favor de Abelardo García Méndez. En el procedimiento ejecutivo fueron requeridos de pago los esposos deudores Juan Vechini y Clotilde Ortiz Gutiérrez por el Márshal de la Corte de Distrito de Guayama. El acreedor posterior, Abelardo García Méndez, fué notificado por Fernando Llera Freyre con copia de todos los autos en su oficina de la Alcaldía de Cayey. El Sr. Llera Freyre, suscribió y juró, ante el notario Miguel Guzmán Tejidor, quien da fe de conocerlo personalmente, la siguiente declaración:

"Yo, Fernando Llera Freyre, bajo juramento afirmo: que soy mayor de edad, casado, industrial y vecino de Cayey, Puerto Rico; que no soy parte ni tengo interés de ninguna índole en este asunto; que recibí la presente notificación para la persona a quien está dirigida, con una copia fiel y exacta de la misma, el día 8 de agosto de 1928, y que el mismo día notifiqué a don Abelardo García Méndez, en este pueblo de Cayey, entregándole, en la casa alcaldía, la copia fiel y exacta de la notificación, enterándole de su contenido; dándose por notificado."

Presentadas en el registro de la propiedad la escritura de venta judicial y un mandamiento librado por el Secretario de la Corte de Distrito de Guayama, en el cual la corte ordenaba la cancelación del segundo gravamen hipotecario, el registrador denegó la cancelación e inscribió la escritura de venta judicial, haciendo constar que la finca vendida judicialmente quedaba afecta al gravamen posterior constituído a favor de Abelardo García Méndez. La nota recurrida dice así:

"Denegada la cancelación de hipoteca que se ordena por este documento, y tomada en su lugar anotación preventiva por el término que designa la ley, al folio 187 del tomo 57 de Cayey, finca No. 2367 Dupdo., anotación letra A, por observarse que en el presente caso la notificación practicada en la persona del segundo acreedor hipoteca-

rio, Don Abelardo García Méndez, es de carácter extrajudicial como aparece del contexto de la escritura de venta judicial que se otorgó en dicho caso, sin que se practicara la notificación del auto de requerimiento de acuerdo con el Art. 171 del Reglamento de la Ley Hipotecaria, por el funcionario ejecutivo de la corte, según doctrina aplicable en el caso de Pontón v. Sucrs. de Huertas González, reportado en el tomo 42 de las Decisiones de P. R., folio 529.''

■■■ Alega el recurrente que el registrador recurrido cometió error al negarse a inscribir la cancelación que en virtud de mandamiento judicial le ordenó la Corte de Distrito de Guayama, y que asimismo cometió error al inscribir la venta judicial a favor del recurrente, consignando en su nota de inscripción que la finca en cuestión quedaba afecta al segundo gravamen hipotecario.

Conviene aclarar que el Sr. Ferrer León al interponer el presente recurso se refiere únicamente a la nota negando la cancelación, sin que aparezca que apela de la nota inscribiendo la venta judicial y dejando vigente la hipoteca. Hacemos esta salvedad, velando únicamente por la pureza del procedimiento, ya que los derechos del recurrente en nada se perjudican, porque como muy bien dice el registrador, mientras la hipoteca no se cancele, la nota de la escritura debe señalarla como vigente sin perjuicio de que al practicarse con posterioridad la cancelación de la hipoteca, se adicione la nota de la escritura, haciendo constar su cancelación.

Alega el registrador recurrido que la notificación practicada en la persona del segundo acreedor hipotecario fué extrajudicial, y añade que no se notificó el auto de acuerdo con el artículo 171 del Reglamento de la Ley Hipotecaria. Además del caso de *Pontón v. Sucrs. de Huertas González, supra*, cita el recurrido en su alegato el caso de *González Martínez v. Registrador*, 39 D.P.R. 835.

El artículo 171 de la Ley Hipotecaria dice así en su quinto y último párrafo:

''Cuando en las certificaciones del registro de la propiedad consten los domicilios de las personas interesadas en las responsabilidades

que se hubieran inscrito después del derecho del actor, el juez mandará, a la vez que el requerimiento de pago, que se intente la notificación del auto a dichas personas interesadas en aquellos domicilios si en ellos fueren habidas.''

Este artículo dispone que se intente la notificación del auto, por mandato judicial, y arguye el recurrido que para que se entienda hecha la notificación del auto, es preciso que lo que se notifique sea el auto en sí, o sea una copia auténtica del auto librada por el secretario de la corte de distrito. No creemos que los preceptos de la Ley Hipotecaria exijan una interpretación tan severa en lo que se refiere a la notificación de los acreedores posteriores. No debe confundirse la notificación con el requerimiento judicial. La notificación tiene por objeto informar al acreedor posterior de los procedimientos, por lo que pueda interesarle para la protección de sus derechos. El requerimiento persigue un objetivo: el pago por el deudor o en su defecto por la venta judicial del inmueble en pública subasta. El requerimiento es un acto en virtud del cual se amonesta al deudor para que ejecute el pago, apercibiéndole de que si no lo hace, el acreedor hará efectivo su crédito por la vía judicial mediante la venta del inmueble hipotecado. En los casos de *González Martínez* v. *Registrador, supra,* y *Pontón* v. *Sucrs. de Huertas González, supra,* se trataba del requerimiento de pago al deudor y esta corte resolvió que este requerimiento debe hacerse por los oficiales auxiliares de la corte debidamente autorizados. Este no es el caso cuando se notifica a un acreedor posterior. La ley requiere que se intente la notificación, y es indudable que los acreedores posteriores tienen derecho a esta protección; pero el hecho de que esta notificación se lleve a efecto por una persona particular y no por el márshal y que se utilicen copias del auto no autenticadas por el secretario de la corte, no autoriza al registrador para negar la cancelación ordenada por mandato judicial. No es un emplazamiento ni un requerimiento el que se dirige a los acreedores posteriores; es simplemente una notificación de los procedimientos

iniciados. Sería preferible que en estos casos de ejecución sumaria, se hiciera la notificación por un funcionario de la corte debidamente autorizado; pero los propósitos de la ley quedan cumplidos cuando, como en el presente caso, el acreedor posterior ha sido notificado y suficientemente informado de los procedimientos. El reglamento de la Ley Hipotecaria dice, en el inciso segundo del artículo 172, que los edictos servirán también para hacer saber la subasta a los acreedores que tengan inscritos o anotados sus derechos sobre los bienes con posterioridad al del ejecutante, y con los cuales no hubiere tenido efecto la notificación que prescribe el párrafo final del artículo 171, debiendo expresarse los nombres de los interesados, según resulten de la certificación del registro para que puedan concurrir a la subasta si les conviniere. En el presente caso se notificó personalmente al Sr. Abelardo García Méndez y se publicaron además los edictos. Los fines perseguidos por la ley quedaron cumplidos. El Sr. García Méndez, ampliamente informado de todos los procedimientos, pudo haber pagado la deuda y subrogarse en lugar del primer acreedor, y ejercer cualquier derecho que pudiera asistirle, y tuvo también oportunidad para concurrir a la subasta y velar allí por la protección de sus intereses, si éste era su deseo.

*Debe revocarse la nota recurrida.*