PABLO MATOS MORÁN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 911.—*Sometido:* Enero 22, 1934. *Resuelto:* Marzo 8, 1934.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La escritura otorgada por el márshal, de cierta propiedad vendida en un procedimiento ejecutivo sumario, fué inscrita por el registrador de la propiedad sujeta a un defecto subsanable consistente: primero, en que ni el requerimiento personal de pago hecho al deudor hipotecario, ni el requerimiento de pago hecho por edictos a los herederos desconocidos de la difunta esposa del deudor hipotecario, habían sido copiados en la escritura del márshal o presentados con ésta en el registro de la propiedad; y segundo, en que los nombres de los herederos desconocidos no aparecían en la escritura del márshal.

■ Evidentemente sería imposible para un acreedor hipotecario especificar los verdaderos nombres de los herederos desconocidos y la doctrina del caso de *Orcasitas* v. *Registrador de la Propiedad de Caguas,* 21 D.P.R. 553, en que se basa el registrador, cuya resolución dió origen al presente recurso, no es aplicable a los hechos del presente caso.

■ El registrador tenía derecho a saber si el procedimiento prescrito por la Ley Hipotecaria había sido seguido estrictamente, tanto en la citación por edictos como en el requerimiento personal de pago. Véase *Federal Land Bank of Baltimore* v. *El Registrador de la Propiedad de Mayagüez,* ante p. 279.

*La resolución apelada debe ser revocada en lo atinente al supuesto defecto subsanable de omitir los nombres de los herederos desconocidos, y confirmada en lo que respecta al defecto subsanable de no presentarse en el registro de la propiedad copia auténtica de la orden decretando el requerimiento personal de pago, ni de la orden autorizando la citación por edictos de los herederos desconocidos.*

El Juez Asociado Señor Wolf disintió.*

---

* Nota: Véase el prefacio.