JOAQUÍN VENDRELL, peticionario y apelado, *v.* LA CORTE MUNICIPAL DE SAN JUAN, SECCIÓN PRIMERA, HON. M. GAETÁN BARBOSA, JUEZ, demandada y apelada; y ERNESTO FERNANDO SCHLÜTER, interventor y apelante.

No. 6895. *Sometido:* Febrero 5, 1935. *Resuelto:* Febrero 21, 1935.

*L. Freyre Barbosa* y *A. Rivas,* abogados del apelante; *R. Rivera Zayas, J. Velilla* y *P. Andino,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La corte de distrito, mediante *certiorari,* anuló la notificación del emplazamiento y los procedimientos ulteriores en una acción de desahucio instituída ante la corte municipal. La notificación había sido hecha por una persona particular, mayor de 21 años de edad, de conformidad con las disposiciones del artículo 92 del Código de Enjuiciamiento Civil que

autoriza el diligenciamiento de la citación "por el márshal del distrito donde se encontrare el demandado, o por cualquiera otra persona, mayor de 18 años, que no fuere parte en la acción."

Las secciones 4 y 5 de la ley estableciendo el procedimiento para el desahucio (Estatutos Revisados de 1911, secciones 1628-29) leen como sigue:

"Sección 4.—Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil, y presentada aquélla, se mandará convocar al actor y al demandado par una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación.

"Sección 5.—Si no se encontrase el demandado en el lugar del juicio o no tuviere en él su domicilio se entenderá la citación con la persona que en cualquier forma estuviere encargada en su nombre del cuidado de la finca en dicho lugar.

"Al citarse al demandado se le apercibirá de que no compareciendo por sí o legítimo apoderado se decretará el desahucio sin más citarlo ni oírlo."

Es natural que el juez de distrito hallara alguna analogía con el caso de *González Martínez* v. *Registrador de la Propiedad*, 39 D.P.R. 835, seguido por esta corte, en el de *Pontón* v. *Sucrs. de Huertas González*, 42 D.P.R. 529. La analogía es "un buen empleado pero un mal patrono." Existe notoria diferencia entre la citación en un procedimiento de desahucio y el requerimiento de pago en un procedimiento ejecutivo sumario. La una es un paso inicial en un procedimiento contencioso y el otro un paso preliminar a la ejecución de una sentencia ya dictada en un procedimiento que no sólo es sumario sino que está sujeto a ciertas excepciones y limitaciones insignificantes, *ex parte*.

En *González Martínez* v. *Registrador,* supra, este tribunal interpretaba la Ley Hipotecaria desde el punto de vista de la bien conocida regla de que debido a su naturaleza *ex parte* y sumaria en extremo, el procedimiento prescrito en la misma debía ser rigurosamente observado. El procedimiento de de-

sahucio, por otra parte, aunque algo sumario en algunos respectos, es en su mayor parte muy similar a un recurso ordinario. Al igual que sucede en un recurso ordinario, bastará que se cumpla substancialmente con los requisitos relativos a la notificación del emplazamiento. Véase *López* v. *Meléndez,* 22 D.P.R. 156.

El párrafo final del artículo 171 del Reglamento para la ejecución de la Ley Hipotecaria dispone expresamente que en ciertas circunstancias "el juez mandará, a la vez que el requerimiento de pago, que se intente la notificación del auto a" ciertas personas distintas al deudor hipotecario. Interpretando este mismo párrafo en el caso de *Ferrer* v. *Registrador,* 44 D.P.R. 277, este tribunal resolvió, no obstante el *dictum* en el caso de González y no embargante la regla de que se cumpla estrictamente con todas las disposiciones de la Ley Hipotecaria y su Reglamento para la ejecución de la misma, que la notificación de tal auto por una persona particular mayor de 18 años, distinta al márshal de la corte de distrito, era una notificación válida. El artículo 4 de la Ley de Desahucio, por sus propios términos por lo menos, no exige que la corte dicte una orden formal como condición previa a la expedición del emplazamiento. Aun si no fuere así, la notificación del auto por una persona particular mayor de 18 años de edad en lugar del márshal, de acuerdo con la doctrina del caso de Ferrer, no invalida el diligenciamiento. Sea ello como fuere, no importa cuál sea la regla relativa a la notificación del requerimiento de pago en un procedimiento ejecutivo sumario, no estaríamos dispuestos a extender la doctrina del caso de González en forma tal que comprenda la notificación del emplazamiento en un desahucio.

El artículo 1570 de la Ley de Enjuiciamiento Civil Español que regía anteriormente disponía que:

"La cédula de citación para la comparecencia se extenderá a continuación de la copia de la demanda, que será entregada al demandado en la forma prevenida en el artículo 721."

Este último artículo disponía:

"La citación del demandado para la comparecencia se hará por el Secretario o alguacil del juzgado, entregándole la copia de la papeleta de demanda, a continuación de la cual habrá extendido el Secretario la cédula de citación, expresando en ella la fecha de la providencia y el día, hora y local en que deba comparecer, con la prevención de que se seguirá el juicio en su rebeldía si no compareciere."

Este y otros artículos contenidos en el título XVII del código español de que se tomó nuestra actual Ley de Desahucio fueron omitidos, al ser aprobada al año siguiente a la adopción de nuestro Código de Enjuiciamiento Civil actual. Esta omisión por parte de la Legislatura Insular, aunque cometida al aprobarse una ley complementaria al nuevo Código de Enjuiciamiento Civil que se acababa de establecer e intentada evidentemente para que incluyera todo el campo que anteriormente había sido abarcado por el título XVII del antiguo código, es demasiado significativa para ser pasada por alto. El interpolar en la nueva Ley de Desahucio los artículos 721 y 1570 de la antigua ley, sin necesidad para ello, equivaldría a legislación judicial No podemos adoptar la teoría del letrado de la parte apelada de que la sentencia recurrida debe ser sostenida meramente porque los artículos 721 y 1570 de la antigua Ley de Enjuiciamiento Civil expresamente disponían que la notificación del emplazamiento fuese hecha por el secretario o alguacil del juzgado, no obstante la disposición igualmente clara del artículo 92 del nuevo Código de Enjuiciamiento Civil adoptado por la misma Legislatura poco antes de aprobarse la nueva ley sobre desahucio

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*