JUANA CORREA RODRÍGUEZ, recurrente, *v.* REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1023.—*Sometido:* Mayo 19, 1938. *Resuelto:* Mayo 31, 1938.

*Damián Monscrrat, Jr.*, abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El juez de distrito, luego de un procedimiento ejecutivo sumario, ordenó se cancelara la inscripción que en el registro de la propiedad figuraba a nombre de un segundo acreedor hipotecario. El registrador canceló la inscripción sujeta a un defecto subsanable. De la resolución dictada por el juez de distrito se desprendía que la notificación de la subasta se había hecho mediante la publicación de edictos. De ninguno de los documentos presentados en el registro de la propiedad se desprendía que se hubiera hecho o tratado de hacer la notificación personal exigida por el párrafo final del artículo

171 del Reglamento de la Ley Hipotecaria. Tampoco se desprendía que se hubiera llamado la atención del juez de distrito hacia el hecho de haberse dejado de cumplir con este requisito o que dicho juez hubiera considerado la cuestión de si tenía autoridad—no habiéndose tratado de hacer una notificación personal—para ordenar la cancelación de un asiento a nombre de un segundo acreedor hipotecario. El registrador, en su nota recurrida, no trató de revisar ninguna cuestión de hecho o de derecho resuelta por el juez de distrito. En ausencia de algo que revele que el juez de la corte inferior hubiera resuelto esa cuestión jurisdiccional, el registrador tenía derecho a suscitar la cuestión y a proteger al dueño de una hipoteca posterior contra una posible privación de su propiedad sin el debido proceso de ley. Lo menos que el registrador podía hacer, no habiéndose demostrado debidamente que se hubiera hecho o tratado de hacer la notificación personal, fué mencionar la existencia de un defecto subsanable.

La recurrente descansa en los siguientes casos: *Crehore v. Registrador,* 22 D.P.R. 640; *Ortiz* v. *Registrador,* 22 D.P.R. 339; *Delgado* v. *Registrador,* 25 D.P.R. 486; *Virella* v. *Registrador,* 25 D.P.R. 757; *Caballero* v. *Registrador,* 35 D.P.R. 617; *Cintrón* v. *Registrador,* 35 D.P.R. 805; *Ferrer* v. *Registrador,* 44 D.P.R. 277.

El presente recurso cae dentro del principio de los casos citados por el registrador. Éstos son: *Orcasitas* v. *Registrador,* 21 D.P.R. 553; *Montes de Oca* v. *Báez,* 23 D.P.R. 707; *Nazario* v. *Registrador,* 36 D.P.R. 778; *Banco Territorial y Agrícola* v. *Registrador,* 41 D.P.R. 751; *Ferrer* v. *Registrador,* 44 D.P.R. 277; *Petterson* v. *Contreras,* 42 D.P.R. 491; *Moraza* v. *Registrador,* 45 D.P.R. 829; *Matos* v. *Registrador,* 46 D.P.R. 298; *Ojeda* v. *Registrador,* 39 D.P.R. 239; *Pérez* v. *Registrador,* 50 D.P.R. 289; *Arroyo* v. *Zavala,* 40 D.P.R. 269.

*Debe confirmarse la nota recurrida.*