Dolores Vega Rodríguez, et al., demandantes y apelados, *v.* Juan García y Anastacia Acosta, Etc., demandados y apelantes.

Núm. 8570.—*Sometido:* Noviembre 16, 1942. *Resuelto:* Noviembre 30, 1942.

*A. J. Amadeo,* abogado de los apelantes; *José C. Jusino,* abogado de los apelados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Por segunda vez se solicita la desestimación del recurso de apelación interpuesto en este caso. *Vega* v. *García,* 60 D.P.R. 721.

Se alegan ahora tres motivos que examinaremos por el orden en que se aducen. Es el primero el incumplimiento de la sección 42 del Reglamento de este Tribunal. Es cierto que radicada la transcripción el 10 de julio de 1942 el alegato debió presentarse diez días después o sea el 20 de julio y no lo fué hasta el 10 de septiembre siguiente, pero también lo es que durante ese período de tiempo estuvo pendiente la primera moción de desestimación del apelado y que presentada la segunda y señalada su vista para el 16 de noviembre siguiente, el alegato quedó radicado más de un mes antes de dicha fecha, circunstancias todas que pueden tomarse en consideración, como se toman, para dispensar al apelante del cumplimiento estricto del precepto reglamentario.

■ El segundo motivo es que la apelación es frívola. Tras una lectura del alegato del apelante, no creemos que puede sostenerse que claramente lo sea. En tal virtud, de acuerdo con la práctica constante de esta Corte, no· debe decretarse la desestimación por tal motivo.

■ El tercero es el de no haberse interpuesto la apelación por la Sucesión demandada y no haberse notificado el escrito interponiéndola a ciertos componentes de la Sucesión.

La demanda se interpuso contra "Juan García y Anastacia Acosta, y por fallecimiento su sucesión compuesta de sus hijos Josefina, Serafina, Julio, Francisco conocido por Pocholo y Sixto García; y John Doe y Richard Roe, como herederos desconocidos .estos últimos." Y la notificación de apelación se. hizo por el abogado de los demandados Josefina, Serafina, Julio, Francisco y Sixto García, como herederos de Juan García y Anastacia Acosta, sin mencionarse a John. Doe y Richard Roe y sin que conste que éstos fueran notificados.

La parte apelada se limita a firmar que la apelación no ha sido entablada a nombre de la "Sucesión demandada."

En el caso de *Arvelo et al.* v. *Banco Ter. y Ag. de P. R.,* 25 D.P.R. 728, 736, esta Corte por medio de su Juez Presidente Sr. Hernández se expresó así:

"Los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte. Artículo 657 del Código Civil de 1889. La sucesión se defiere por la voluntad del hombre manifestada en testamento, y, a falta de éste, por disposición de la ley. Artículo 658. Los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones. Artículo 661. Los artículos transcritos concuerdan con los 665, 666 y 669 del Código Civil Revisado.

"La sucesión como persona jurídica no existe en nuestro derecho. Cabe que una sucesión sea parte demandante o demandada; pero para ello es necesario que se particularice e individualice expresando los miembros que la componen. No es una entidad legal independiente de los herederos. Estos son los que la determinan, y son los que deben aparecer como demandantes o demandados.

"Al resolver el caso de *Dapena* v. *Sucesión Dominicci,* 12 D.P.R. 66, dijo esta Corte que cuando la demanda se dirige contra una su-

cesión, debe expresarse el nombre de cada uno de los herederos o darse alguna razón que justifique la omisión del dicho requisito; y congruente con esa doctrina, al resolver el caso de *Orcasitas* v. *El Registrador*, 21 D.P.R. 553, se expresó en los términos siguientes: 'Estamos de acuerdo con el registrador en que si era necesaria la notificación o citación a la indicada sucesión, debió haberse hecho constar quiénes la componían, con el objeto de que dicho registrador pudiera determinar si dicha notificación fué hecha en forma adecuada.' "

Aquí la sentencia adversa dictada aparece notificada únicamente a los demandados Josefina, Serafina, Francisco o Julio y Sixto García en la persona de su abogado, siendo esos demandados notificados, como herederos de sus padres, los que interpusieron con perfecto derecho el recurso pues ellos constituían de hecho la verdadera parte demandada y no la "Sucesión" que, como persona jurídica independiente, no existe.

Y en cuanto a que no se notificó la apelación a los "herederos desconocidos," no siendo dichos otros herederos parte contraria a quien pudiere perjudicar el recurso, no había necesidad de notificarles la interposición.

*En tal virtud debe declararse no haber lugar a la desestimación solicitada.*

El Juez Asociado Sr. Snyder no intervino.