<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI</td></tr>
<tr>
<td>MUNICIPIO AUTÓNOMO DE CAROLINA<br><br>Apelado<br><br>v.<br><br>MARÍA DE LOS ÁNGELES LIBRÁN COUVERTIER Y OTROS<br><br>Apelante</td>
<td>KLAN202400389</td>
<td>*APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2022CV03355 (404)<br><br>Sobre: Ejecución de Hipoteca; Propiedad Residencial</td>
</tr>
</table>

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 25 de abril de 2024.

Comparece ante este tribunal apelativo, por derecho propio, el Sr. Ramón Ortiz Librán (el apelante) mediante el recurso de apelación de epígrafe solicitándoos la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 19 de marzo de 2024, notificada el 21 de marzo siguiente. En el referido dictamen, el foro primario declaró *Con Lugar* a la demanda instada por el Municipio Autónomo de Carolina (el Municipio) y condenó a la Sra. María de los Ángeles Librán Couvertier al pago de $36,000, las costas del pleito más $2,000 en honorarios de abogado.

Por los fundamentos que exponemos a continuación, se desestima el presente recurso por falta de jurisdicción.

### I.

Del recurso presentado surge que el 17 de octubre de 2022, el Municipio presentó una demanda contra la Sra. María de los Ángeles Librán Couvertier (señora Librán Couvertier). En esencia,

Número Identificador
SEN2024_____

alegó que esta incumplió con los requisitos del programa federal HOME al no constar evidencia de que ella viviera la propiedad en los pasados cuatro (4) años. La señora Librán Couvertier no pudo ser localizada por lo que el TPI autorizó el emplazamiento por edicto. Posteriormente, se le anotó la rebeldía y el 19 de marzo de 2024 se dictó la *Sentencia* en su contra.

Constatamos en el expediente electrónico que se encuentra en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la Entrada Núm. 49, que el 21 de marzo de 2024 se emitió la *Notificación de Sentencia por Edicto.*

El 18 de abril siguiente, acude ante este foro apelativo el apelante y nos solicita que revoquemos la *Sentencia* dictada por el TPI. Alegó ser hijo de la señora Librán Couvertier e informó que esta **falleció el 22 de marzo de 2024**. Arguyó que su madre no incumplió con las condiciones impuestas por el Municipio y que nunca ha dejado de ocupar su residencia.[1]

Examinado el recurso y, al tenor de la determinación arribada, prescindimos de la comparecencia de la parte recurrida según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22

---

[1] El recurso de apelación fue acompañado con cierta prueba documental sobre el estado de salud de la señora Librán Couvertier desde el 2018 al 2023.

(2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima disponiéndose que, cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(...)

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

Del expediente electrónico surge que el apelante no es parte en los procedimientos de instancia, no ha informado al TPI del fallecimiento de la señora Librán Couvertier, ni ha solicitado en dicho foro la sustitución de esta por sus herederos. Sin duda, es el Tribunal de Primera Instancia quien debe atender dicho pedido. Además, puntualizamos que en nuestro ordenamiento una sucesión no tiene personalidad jurídica ni existe con independencia de los miembros que la componen. *Kogan v. Registrador*, 125 DPR 636, 656 (1990); *Vega v. García*, 61 DPR 99 (1942). De igual manera dispone el Artículo 1600 del Código Civil de 2020, 31 LPRA sec. 11072, que "[l]a comunidad hereditaria no tiene personalidad jurídica."

En conclusión, el apelante no tiene capacidad para instar la presente apelación por no ser parte en el pleito. Asimismo, es al foro apelado a quien corresponde determinar la sustitución de parte. Nótese que la Regla 82 (A) de nuestro Reglamento, *supra*, no es aplicable al presente caso, ya que la señora Librán Couvertier no falleció **estando pendiente** el recurso apelativo.

De igual manera, es norma claramente establecida que las partes, inclusive los que comparecen por derecho propio, deben cumplir fielmente con las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos, y su inobservancia puede dar lugar a la desestimación. *Febles v. Romar*, 159 DPR 714, 722 (2003); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003). Reiteramos que no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo

nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

**IV.**

Por los fundamentos anteriormente expuestos, desestimamos el recurso de epígrafe ante la falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones