LA SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA ET AL. *v.* ROSSY.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 533.—Resuelto en enero 23, 1911.

ANOTACIÓN DE EMBARGO—ACCIÓN REAL.—La anotación de un embargo con prohibición de enajenar, no puede convertir en real una acción que carezca de este carácter, ni puede perjudicar los derechos adquiridos por un tercero, sobre los mismos bienes, con anterioridad a la anotación, aunque su título no estuviera inscrito al tiempo de verificarse la anotación, ni puede, ésta, darle al que la obtuviere el carácter de tercero respecto de aquellos que hubieran adquirido, tales derechos anteriores, pues la ley le concede preferencia sólo en cuanto a enajenaciones o gravámenes realizados con posterioridad a su anotación.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

Abogado de los apelados: *Sr. Eugenio Benítez Castaño.*

EL JUEZ ASOCIADO, SR. DEL TORO, emitió la opinión del tribunal.

Esta Corte Suprema de Justicia de Puerto Rico por sentencia de 20 de marzo de 1906 dictada en el caso de *Mollfulleda v. Ramos,* declaró que la propiedad de cierta finca rústica de doscientas cuerdas radicada en Hato Rey, Río Piedras, correspondía a las hijas de Ramón Mollfulleda, llamadas Carmen María, Margarita, Teresa, María, Ramona María, Paula Ma-

ría y Alejandrina Mollfulleda y Osorio, y, por escritura pú-
blica otorgada ante el Notario Monserrat el 16 de abril de
1906, las dichas Mollfulleda y Osorio vendieron la expresada
finca a la demandante y apelada Juana Ramos Latourt.

El demandado y apelante Manuel F. Rossy fué el abogado
que defendió a las Mollfulleda y Osorio en el pleito de *Moll-*
*fulleda* v. *Ramos* a que hemos hechos referencia, y, para co-
brar sus honorarios, siguió contra ellas un pleito en el cual
solicitó y obtuvo una orden de aseguramiento de sentencia
consistente en el embargo y prohibición de enajenar la repe-
tida finca que, para esa fecha, había sido ya vendida a la de-
mandante Ramos, pero no inscrita a su nombre en el registro
de la propiedad.

Para cumplimentar la orden de aseguramiento, se inscri-
bió previamente en el registro la sentencia de ésta Corte Su-
prema ya citada y se anotó entonces el embargo y prohibición
de enajenar, allá por el mes de abril de 1907.

Anotado el embargo, la demandante y apelada Juana Ra-
mos Latourt inscribió su escritura en el registro y luego ven-
dió una porción de 34, 551 metros, 29 centímetros cuadrados,
a la también demandante y apelada Sociedad Española de
Auxilio Mutuo y Beneficencia, y otra porción de ochenta cuer-
das a los otros demandantes y apelantes nombrados en la de-
manda. Estas dos ventas se inscribieron también en el regis-
tro de la propiedad.

Así las cosas, el demandado Rossy obtuvo sentencia a su
favor en el pleito sobre cobro de honorarios seguido contra
las Mollfulleda y Osorio y, para ejecutarla, se anunció en
pública subasta la venta de la finca embargada y entonces los
demandantes instituyeron el presente pleito que fué fallado
a su favor por la Corte de Distrito de San Juan, por senten-
cia dictada el 3 de febrero de 1910, en la cual se declaró que
el dominio de la finca en cuestión pertenece a los demandantes
sin limitación alguna derivada de la prohibición de enajenar
que anotó el demandado sobre ella, dirigida contra los anterio-

res dueños.    Contra esa sentencia, se interpuso el presente·
recurso de apelación.

Establecidos los anteriores hechos, que hemos ·expuesto
basándonos en las alegaciones y en la estipulación presenta-
da por escrito al juez de la corte inferior, firmada por los
abogados de ambas partes,·se concluye sin esfuerzo alguno,
que la ley sostiene la sentencia apelada.

Si la finca de que se trata hubiera·pertenecido realmente
a las Mollfulleda en el momento o después de verificarse la
anotación obtenida por el apelante,·dicha anotación hubiera
surtido todos sus efectos legales; pero cuando tal anotación
se llevó a efecto, ya la finca no pertenecía a las Mollfulleda,
y en su virtud era completamente ineficaz.

No puede considerarse al apelante como un tercero, ni
cabe regular su caso por los principios que rigen la doble
venta de bienes inmuebles.    El sólo tenía y tiene una acción
personal contra las Mollfulleda y no una acción real sobre la
finca que fué de ellas.    El hecho de la anotación no puede
convertir por sí solo la acción personal en acción real.

El haberse inscrito en el registro la finca a favor de las
Mollfulleda y haberse anotado acto seguido la demanda en
cobro de pesos por honorarios, interpuesta contra ellas por·el
apelante, no puede destruir, ni afectar siquiera, los derechos
de los demandantes y apelados con respecto a dicha finca,
derechos que fueron adquiridos en virtud de una compra-
venta realizada con anterioridad y hecha constar en docu-
mento público, aun cuando dicha compra-venta no estuviera
inscrita en el registro al tiempo de verificarse la anotación.

La anotación en este caso se obtuvo de acuerdo con las
prescripciones de la ley en vigor sobre efectividad de senten-
cias, cuyos preceptos guardan estrecha·relación con los artí-
culos 42·y siguientes de la Ley Hipotecaria.

Comentando dichos·artículos y al tratar sobre los efectos
de las anotaciones preventivas en general, los comentaristas
Galindo y·Escosura en su obra sobre Legislación Hipote-
caria, vol. 2, pág. 482, se refieren a la Exposición de Motivos

de la ley y luego dicen: "A ellos, por tanto, remitimos al lector, no sin llamar su atención acerca de las S. de 9 de mayo y 23 septiembre 1873, según las que, las anotaciones judiciales no pueden calificarse de sentencias definitivas, porque no declaran derechos, siendo esencialmente revocables y transitorias; y la de 17 junio 1875, en que se resuelve que las anotaciones preventivas que se hacen para asegurar las consecuencias de un juicio, tienen *limitados sus efectos a este solo fin;* pero no alteran la índole y naturaleza de la obligación cuyo cumplimiento se quiere asegurar, ni de simple la convierten en hipotecaria, ni lastiman los derechos que sobre la finca puedan tener terceras personas, doctrina que se repite en las S. de 5 abril, 1878, 10 octubre 1882 y 19 febrero 1886."

"Por esto es opinión general, confirmada por la Sent. de 10 julio 1889, que quien, en juicio ejecutivo para el cobro de una deuda no hipotecaria, logra el embargo de una finca que resulta vendida anteriormente, aunque el comprador no la hubiese inscrito a su nombre, tiene mejor derecho que el embargante cuyo crédito carece del carácter de derecho real que no le da el embargo."

Y esta misma Corte Suprema de Justicia de Puerto Rico, en el caso de *Vidal & Ca., et al.* v. *Banco Territorial y Agrícola,* I Castro, 204, estableció la siguiente doctrina: "Al acreedor que obtuviere anotación preventiva de un embargo practicado en bienes inmuebles o créditos hipotecarios del deudor, no se le puede estimar como tercero, toda vez que los artículos 44 de la Ley Hipotecaria y 1923 del Código Civil le conceden únicamente el derecho de preferencia respecto a los bienes anotados y sólo en cuanto a créditos posteriores.

"Las anotaciones de embargo practicadas en bienes inmuebles o créditos hipotecarios del deudor, no pueden perjudicar el derecho de dominio que sobre los mismos bienes o créditos hubiere adquirido un tercero con anterioridad a dicha anotación."

"Las disposiciones del artículo 71 de la Ley Hipotecaria se refieren á enajenaciones o gravámenes realizados o consti-

tuídos, respectivamente, con posterioridad a la anotación, como se deduce de un examen comparativo de dicho artículo y del 44 de la misma Ley.''

Por las razones expuestas, el recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados, MacLeary y Wolf.

Los Jueces, Sres. Presidente Hernández y Asociado Aldrey, no tomaron parte en la resolución de este caso.