## Laborde, Recurrente, v. Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegatoria de inscripción de declaración de bienes hereditarios y división de herencia.

No. 408.—Resuelto en julio 10, 1919.

Asientos Contradictorios—'Inscripción de Posesión—Agrupación de Fincas—Doble Inscripción.—Es correcta la negativa del registrador a inscribir los traspasos de varias fincas cuando si bien aparecen inscritas como fincas independientes a nombre de los causantes de los herederos que piden el traspaso a título de división de herencia, son las mismas que mediante agrupación fueron también inscritas posteriormente como una sola finca previa información posesoria a favor de una tercera persona hallándose actualmente inscritas a favor de distintos dueños. El hecho de que el párrafo primero del artículo 392 de la Ley Hipotecaria disponga que la inscripción de la posesión se haga sin perjuicio de un tercero, y que, por lo tanto, no perjudique a las personas a cuyo favor se hallan inscritas las fincas en el presente caso, no faculta al registrador para hacer los traspasos solicitados, porque lo contrario equivaldría a resolver por sí mismo que la inscripción de posesión de la finca formada por agrupación no producía efecto alguno contra los recurrentes, cuestión que corresponde decidir a los tribunales de justicia.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel Tous Soto.*

Abogado del recurrido: *Sr. Víctor Burset.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Según la copia notarial que tenemos ante nosotros siete de los ocho herederos de doña María Pendás Quintero, tres de ellos mayores de edad y los otros menores y representados por su padre don Alejandro Laborde Quintero, otorgaron escritura pública en 20 de enero de 1919 ante el notario don Manuel Tous Soto sobre declaración de bienes hereditarios y división de las herencias de su madre doña María Pendás Quintero, de sus abuelos maternos don José Pendás Bada y doña Claudia Quintero Limardo y de la bisabuela materna doña María Limardo Gerardo.

Presentada esa escritura en el Registro de la Propiedad de Humacao el registrador se negó a inscribir las cinco fincas que son objeto de la escritura y que están inscritas a nombre de los causantes de los mencionados herederos por expedientes posesorios porque dichas fincas, formando parte de otra de mayor cabida, fueron inscritas por virtud de expediente posesorio tramitado por la sucesión de don Cristóbal Vallecillo y actualmente se hallan inscritas a nombre de otras personas. También negó la inscripción en cuanto a algunas de las fincas por otros motivos que no exponemos, porque en el recurso gubernativo que contra esa negativa interpusieron los hermanos Laborde Pendás se limitan a pedir su revocación fundándose solamente en que, como cuestión de hecho, en las fincas que inscribió la Sucesión Vallecillo no están comprendidas las fincas cuya inscripción niega el registrador por ese fundamento; en que, como cuestión de derecho, al negar el registrador la inscripción de dichas fincas, aplicó indebidamente el artículo 17 de la Ley Hipotecaria, dejó de dar aplicación al artículo 392 de la misma ley y desobedeció al precepto de la sección 9 de la ley de primero de marzo de 1902 sobre recursos contra las resoluciones de los registradores de la propiedad y porque los otros motivos de la negativa son subsidiarios del que combaten.

Conocemos por la escritura las descripciones de las fincas cuyas inscripciones niega el registrador por estar inscri-

tas a nombre de terceras personas, descripciones que con-
cuerdan con las que según el registrador aparecen de sus
libros según su alegato, y por éste conocemos también la des-
cripción de la finca de 241 cuerdas con cinco centavos de
otra que inscribió la Sucesión de don Cristóbal Vallecillo, ra-
dicada ésta y aquéllas en la playa de Guayanés del término
municipal de Yabucoa y examinadas las colindancias de la
finca de Vallecillo y las de las otras a que nos venimos refi-
riendo, si éstas se agrupan de modo que la de 66 cuerdas
colinde por el sur con la de 29 cuerdas 50 centavos, la de
20 cuerdas por el oeste con la de 66 cuerdas y por el sur
con la de 80 cuerdas y con esta última por el oeste la de
69 cuerdas 45 centavos, se observará que la de Vallecillo
tiene como colindantes casi todas las personas que tienen di-
chas cinco fincas así agrupadas por los cuatro puntos cardi-
nales y cuyas inscripciones se niegan, pues las colindancias
de la finca de Vallecillo son Eloy Arroyo, Toribio del Moral
y Manuel Surillo por el norte; Marcos Solís por el este; Joa-
quín Solís, Manuel Surillo y la Sucesión Vallecillo por el
oeste y la rivera marítima y un camino por el sur; y entre
los colindantes de las otras fincas así agrupadas se hallan
Eloy Arroyo, Laureano del Moral y Manuel Surillo por el
norte; Marcos Solís por el este; la rivera marítima y un
camino por el sur; y por el oeste Manuel Surillo, hecho que
hace sostenible la afirmación del registrador de que las fincas
cuyas inscripciones niega forman parte de la finca que ins-
cribió la Sucesión Vallecillo, y que robustece la afirmación
que el registrador hace en su alegato de que examinó el ex-
pediente posesorio tramitado por Vallecillo y archivado en
su oficina del que aparece que algunas de las fincas fueron
adquiridas por compra a don Alejandro Laborde, padre de
los recurrentes, y casado en la fecha del trapaso con doña
María Pendás, heredera de doña Claudia Quintero y de don
José Pendás.

Por todo lo expuesto no podemos ir contra la apreciación

de hecho a que llegó el registrador y tomándola de base pasaremos a considerar la cuestión de derecho que plantean los recurrentes.

Estamos conformes con los recurrentes en que la Ley Hipotecaria no permite una doble inscripción del mismo inmueble; pero no podemos convenir con ellos en que cuando ocurre una doble inscripción, como en este caso, a pesar de esto deba hacerse la inscripción de algún título posterior, porque el artículo 17 de la Ley Hipotecaria ha dispuesto terminantemente que, inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o de los derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha por el cual se trasmita o grave la propiedad del mismo inmueble o derecho real. Ante la situación de hecho que tenía ante sí el registrador no podía en virtud de este precepto hacer las inscripciones que se le pidieron, y por eso opinamos que hizo debida aplicación del artículo 17 citado.

El hecho de que el párrafo primero del artículo 392 de la misma ley disponga que la inscripción de la posesión se haga sin perjuicio de tercero y que, por tanto, no perjudique a las personas a cuyo favor se hallan inscritas las fincas no faculta al registrador para hacer las inscripciones en este caso porque lo contrario equivaldría a resolver él que la inscripción de posesión de la Sucesión Vallecillo no producía efecto alguno contra los recurrentes, cuestión que corresponde decidir a los tribunales de justicia; y al actuar en la manera que lo hizo, no resolvió cuestión alguna de preferencia entre las dos inscripciones, como sostienen los recurrentes, sino que por el contrario acatando lo dispuesto en la sección 9 de la ley sobre recursos contra los registradores, preceptiva de que las cuestiones sobre preferencia o prelación de títulos y sus derechos inscritos en el registro deben ser de-

cididas en juicio civil, no hizo la inscripción y dejó la cuestión para ser ventilada en el juicio correspondiente.

Decididas las cuestiones propuestas por los recurrentes en la forma que lo han sido, debemos confirmar la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández, Asociados Wolf, del Toro y Hutchison.