CÁNDIDO NORIEGA GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 874.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Diciembre 23, 1932.

*R. Atiles Moreu,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Cándido Noriega González era dueño, por cesión, de un crédito hipotecario ascendente a $1,500 o más. Inició un pleito en cobro de dinero en la Corte de Distrito de Ponce

y embargó la finca hipotecada. Posteriormente la finca fué vendida por el márshal de la Corte de Distrito de Guayama de conformidad con la autorización recibida de la Corte de Distrito de Ponce en ejecución de sentencia, y el adjudicatario fué dicho Cándido Noriega González. Cuando la escritura otorgada por el márshal de la Corte de Distrito de Guayama fué presentada al registrador de ·dicho distrito, éste se negó a inscribir, según aparece de una nota que sustancialmente lee como sigue:

"Denegada la inscripción por observarse que según la inscripción cuarta de esa finca los dueños de la misma, Georgino Gutiérrez Santiago y su esposa Epifania Rodríguez, la declararon como su *homestead* (hogar seguro) para ellos y su familia . . . y si bien el embargo para asegurar la efectividad de la sentencia ejecutada en este caso se practicó con anterioridad a la declaración de *homestead,* el registrador carece de autoridad para resolver la aparente colisión de derechos existente entre el demandado y el adjudicatario, etc."

En este recurso se plantean dos cuestiones. Una de ellas es que el registrador está obligado a· inscribir la venta de todos modos, y la otra es en efecto que el asiento relativo al hogar seguro era nulo y carecía de todo valor.

 El registrador sostiene que el título del hogar seguro y el título en que se funda el recurrente en este caso, Cándido Noriega González, son irreconciliables y no pueden subsistir juntos; que el título de hogar seguro y una reclamación del dominio absoluto en otra persona no pueden coexistir.

El registrador cita la ley de hogar seguro, como sigue:

"Que no se hará venta alguna, por virtud de sentencia o ejecución, de ninguna estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, cuando se reclamare u ocupare dicha finca como *homestead,* a menos que se obtenga por ella una suma mayor de quinientos dollars . . ." (Estatutos Revisados, sec. 1003).

De acuerdo con esta sección es evidente que ningún acreedor puede adquirir un derecho de propiedad en una finca con exclusión del derecho de hogar seguro, sino solamente

en cuanto exceda de quinientos dólares. Si la propiedad resulta tener un valor de más de quinientos dólares, es natural que un acreedor se puede beneficiar del exceso y obtener en la subasta el remanente que hubiere. Convenimos con el registrador en tanto sostiene que en un caso ordinario el adjudicatario en una subasta no puede adquirir derechos que destruyan el de hogar seguro. Aquí podría decirse que lo que el adquirente trata de inscribir son los derechos que pueda tener en la finca con motivo de la subasta. La Ley Hipotecaria provee en su artículo 2 que cualquier interés en bienes inmuebles puede ser inscrito. El registrador tendría que efectuar la inscripción correspondiente en este caso, llamando la atención hacia la inscripción anterior del derecho de hogar seguro, mas según hemos indicado en otro caso el registrador puede hacer la inscripción correspondiente. Aun si la finca no vale más de $500 y el adquirente, es de opinión que valía más de dicha suma, tendría el derecho de inscribir, aunque éste resultare ilusorio. Véase *Bianchi* v. *Pierazzi*, 25 D.P.R. 631. Si los dueños anteriores gozan del derecho de hogar seguro, para que el comprador pueda poseer un título perfecto debe saldar la reclamación. Ellos tienen de todos modos un gravamen sobre la propiedad.

El registrador cita el caso de *González Clemente* v. *Registrador*, 42 D.P.R. 875. Dicho caso meramente resolvió que cuando una finca se halla inscrita a favor de una persona, ningún otro que sostenga la nulidad de la inscripción así efectuada puede lograr que se inscriba a su favor.

■■ El registrador está enteramente en lo cierto al decir que la cuestión relativa a la validez del hogar seguro no puede ser resuelta en este recurso. Correcta o incorrectamente, el registrador inscribió a virtud de escritura notarial el derecho de hogar seguro de los anteriores dueños. El registrador no está obligado a cancelar o eliminar esta inscripción sin la orden correspondiente de la corte de distrito en pleito incoado para tal fin, y esta corte tampoco tiene tal facultad dentro de este recurso gubernativo. En el registro

de la propiedad no existe tal cosa como una inscripción totalmente nula (inexistente). Subsiste hasta que sea debidamente anulada o cancelada, aunque de acuerdo con la ley una persona que sostiene el beneficio de la inscripción no tenga derechos de clase alguna.

*Debe revocarse la nota del registrador y hacerse la inscripción de conformidad con las consideraciones de esta opinión.*

*Luis Castro,* abogado del recurrente; el registrador recurrido compareció por escrito.