PEDRO POLANCO DÍAZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 888.—*Sometido:* Marzo 23, 1933. *Resuelto:* Marzo 28, 1933.

*E. Campillo,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 11 de febrero de 1930 comparecieron ante el notario público Enrique Campillo de una parte José Bazán y su esposa y de la otra Justino Barreto y otorgaron una escritura por virtud de la cual los primeros cedieron al segundo un crédito hipotecario que tenían constituído a su favor sobre cierto solar ubicado en Santurce, manifestando además los esposos Bazán que la hipoteca se había ampliado por escritura pública de abril 12, 1927, otorgada por los dueños del solar, **Pedro Polanco y su esposa,** para garantizar trescientos dólares más de principal y setenta y cinco para accesorios,

habiendo los dichos dueños del solar pagádoles los expresados trescientos dólares con los intereses devengados, motivo por el cual les otorgaban carta de pago, quedando así subsistente sólo la primitiva hipoteca que era la que cedían a Barreto.

Presentada la escritura de 11 de febrero de 1930 en el registro, causó la siguiente nota:

"Inscrito este documento en cuanto a la cesión de crédito . . . y denegada la inscripción en cuanto a la cancelación porque el crédito hipotecario que se cancela se halla embargado a favor de The National City Bank of New York según la anotación letra A, y tomada anotación preventiva por 120 días . . . San Juan, enero 24 de 1933."

No conforme Pedro Polanco interpuso el presente recurso gubernativo alegando que el registrador de oficio debió cancelar la ampliación de la hipoteca de que se trata porque de los documentos presentados aparecía claramente que la cesión y la cancelación parcial se habían efectuado con antelación a la fecha del embargo anotado, invocando en su favor la jurisprudencia de esta Corte Suprema establecida en los casos del *Banco Territorial* v. *Vidal,* 2 D.P.R. 231 y *Auxilio Mutuo* v. *Rossy,* 17 D.P.R. 83, como sigue:

"La anotación preventiva de un embargo sólo es válida respecto a gravámenes constituídos con posterioridad a dicha anotación, no pudiendo lastimar el derecho de dominio en un crédito hipotecario adquirido con anterioridad en virtud de cesión en pago de una deuda, aun cuando se hubiere hecho la anotación preventiva de embargo con anterioridad a la inscripción de dicha cesión." *Banco* v. *Vidal,* 2 D.P.R. 231.

"La anotación de un embargo con prohibición de enajenar, no puede convertir en real una acción que carezca de este carácter, ni puede perjudicar los derechos adquiridos por un tercero, sobre los mismos bienes, con anterioridad a la anotación, aunque su título no estuviera inscrito al tiempo de verificarse la anotación, ni puede ésta darle al que la obtuviere el carácter de tercero respecto de aquéllos que hubieran adquirido tales derechos anteriores, pues la ley le concede preferencia sólo en cuanto a enajenaciones o gravámenes realizados con posterioridad a su anotación." *Auxilio Mutuo* v. *Rossy,* 17 D.P.R. 83.

Presenta este caso una cuestión de igual naturaleza que la resuelta en el de *El Pueblo* v. *Registrador*, 44 D.P.R. 797. No se trata del derecho del recurrente a la cancelación, sino de si puede el registrador verificarla con la sola presentación de la escritura.

Dice el registrador en su alegato:

"El Registrador que suscribe entiende que no incumbe a él resolver esta cuestión en que es preciso clasificar derechos de otros, misión que corresponde a los tribunales, a tenor de las disposiciones del Código Civil, estando impedido el Registrador de penetrar en esa esfera de acción, por tener que ajustarse estrictamente a lo que dispone la Ley Hipotecaria, que le obliga a esperar el resultado de toda reclamación de derechos.

"No quiere esto decir que nosotros creamos que el derecho no esté de parte del dueño y deudor, al menos aparentemente, pues para practicar embargos es necesario que la cosa pertenezca al deudor demandado. Solamente sostenemos que este punto no es materia de Registro, sino de Tribunales.

"Véase un caso similar sobre preferencia de derechos en 27 D.P.R. 628."

Sigue exponiendo otras razones, pero creemos que lo dicho es suficiente. Las dos decisiones que invoca el recurrente no se dictaron en recursos gubernativos, sino en pleitos seguidos ante los tribunales de justicia. A éstos debe acudir y si los hechos son en verdad como surgen de la escritura de cesión y carta de pago, le será fácil obtener la cancelación de la anotación del embargo de que se trata.

*Debe confirmarse la nota recurrida.*