Marcelino Manuel Pérez y Pérez, recurrente, *v.* El Regis-trador de la Propiedad de San Juan, Sección Primera, recurrido.

No. 912.—*Sometido:* Enero 30, 1934. *Resuelto:* Febrero 24, 1934.

*Monserrat & Monserrat,* abogados del recurrente; el registrador re-currido compareció por escrito.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Embargada para el cobro de contribuciones una finca urbana de la propiedad de Gerardo L. Despiáu Balseiro y ano-tado el embargo en el registro de la propiedad, procedióse más tarde a la venta del inmueble en pública subasta, ha-biendo sido adquirido el mismo por el acreedor hipotecario y recurrente, Marcelino Manuel Pérez. Con posterioridad al embargo anotado en el registro a favor de El Pueblo de Puerto Rico y de la venta del inmueble al recurrente, se anotó otro embargo a favor de Rita Castelló Camps, quien promo-vió demanda en cobro de pesos contra el referido Gerardo L. Despiáu Balseiro.

El certificado de venta expedido a favor del recurrente fué inscrito oportunamente en el registro de la propiedad, quedando vigente el embargo anotado a favor de Rita Cas-telló Camps. Consumada la venta por haber expirado el pe-ríodo de redención, el recurrente solicitó la cancelación del referido embargo, que fué negada por el registrador por las razones apuntadas en la siguiente nota:

"Denegada la cancelación del embargo solicitada en el certificado de venta expedido el 10 de mayo de 1932 por Lucas Jiménez, Colector de Rentas Internas de San Juan, y en un escrito suscrito bajo *affidavit* No. 8100 por Marcelino Manuel Pérez y Pérez, por observarse que no aparece notificada Rita Castelló Camps a cuyo favor está anotado el embargo, ni ésta ha prestado su consentimiento para la cancelación; tomándose en su lugar anotación preventiva por ciento veinte días. . . ."

Se alega que el registrador recurrido erró al denegar la cancelación solicitada, basándose en que Rita Castelló Camps no fué notificada ni ha prestado su consentimiento a tal cancelación, y se arguye que la parte recurrida no tuvo en cuenta el párrafo segundo del artículo 82 de la Ley Hipotecaria, que dice así:

"No obstante lo dispuesto en el párrafo anterior, las inscripciones o anotaciones a que el mismo se refiere, podrán cancelarse sin los requisitos expresados, cuando quede extinguido el derecho inscrito por declaración de la ley, o resulte así de la escritura inscrita."

Y el párrafo anterior a que se hace referencia en la excepción anteriormente copiada, dice así:

"Las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causa-habientes o representantes legítimos."

Arguye el recurrente que adquirió la finca de buena fe, sin el gravamen apuntado, el cual de hecho y de derecho ha quedado extinguido por declaración de la ley, de acuerdo con lo dispuesto en el artículo 82 de la Ley Hipotecaria y el 347 del Código Político.

El artículo 79 de la Ley Hipotecaria dispone en su inciso segundo que podrá pedirse y deberá ordenarse la cancelación total cuando se extinga por completo el derecho inscrito. Hemos examinado este artículo de la ley en relación con el 132 de su reglamento, que especifica los casos en que se con-

sidera extinguido el derecho inscrito, y no vemos que tenga aplicación a la cuestión que aquí se ventila.

Convenimos en que el embargo anotado a favor de Rita Castelló Camps únicamente puede surtir efecto con respecto a posteriores asientos en el registro de la propiedad, y para nosotros es claro que la anotación previa a favor de El Pueblo de Puerto Rico no puede ser afectada por el asiento posterior. Pero, ¿debe el registrador clasificar la prioridad de derechos entre las partes y cancelar la anotación sin el consentimiento de la parte por la misma favorecida? No sabemos que exista ninguna disposición en la ley que autorice esta actuación de parte del registrador.

No debemos olvidar que la anotación de un embargo crea un estado de derecho a favor de la parte que lo obtiene, que se trata en este caso de una anotación practicada en virtud de mandamiento judicial y que en ausencia de una disposición al efecto, el registrador no debe cancelar esa anotación sin haberse cumplido con las disposiciones prescritas por la ley.

Los preceptos de los artículos 82 y 83 de la Ley Hipotecaria son aplicables a las anotaciones preventivas y existe en ellas un grupo, el de las anotaciones judiciales, en el que los dos primeros párrafos de dicho artículo 83 tienen excepcional importancia, ya que siempre han de hallarse constituídas en virtud de providencia judicial. De acuerdo con el artículo 83, si constituída una inscripción o anotación por providencia judicial convinieren válidamente los interesados en cancelarla, acudirán al juez o al tribunal competente por medio de un escrito, manifestándolo así, y después de ratificarse en su contenido, si no hubiese ni pudiese haber perjuicio para tercero, se dictará providencia ordenando la cancelación. También dictará el juez o el tribunal la misma providencia cuando sea procedente, aunque no consienta en la cancelación la persona en cuyo favor se hubiese hecho la inscripción o anotación.

Dice Morell, en el tomo 3°., página 493 de su obra sobre legislación hipotecaria que aunque los interesados estén conformes en que se cancele la inscripción o anotación, es indispensable que acudan al juez o tribunal competente por medio de un escrito, manifestándolo así, y después de ratificarse en su contenido, si no hubiere ni pudiere haber perjuicio para tercero, se dictará providencia ordenando la cancelación. Agrega, que cuando sea procedente habrá también de decretarse esta cancelación, aunque no consienta en la misma la persona en cuyo favor se hubiere extendido el asiento que debe ser cancelado.

El artículo 140 del Reglamento para la Ejecución de la Ley Hipotecaria dice en su inciso duodécimo que procederá la cancelación de una anotación preventiva cuando renunciare a su derecho la persona a cuyo favor estuviere la anotación constituída, si tuviere para ello aptitud legal. El artículo siguiente dice que si la inscripción o anotación se hubiese constituído por providencia judicial, deberá hacerse la renuncia por solicitud escrita, dirigida y ratificada ante el mismo juez o tribunal que haya dictado la providencia. Morell dice en la página 524 de la obra citada que la renuncia no basta, si no se hace por solicitud al juez, y ordenándose por éste la cancelación, apreciando previamente la capacidad y el derecho del interesado.

La negativa del registrador no está en pugna con el artículo 347 del Código Político que prescribe los requisitos que debe reunir el certificado que se expide a favor del comprador cuando se vende un inmueble por falta de pago de contribuciones. Aunque el certificado presentado en el registro reúna todos estos requisitos, el registrador no está autorizado a cancelar una inscripción o anotación posterior cuando no se ha cumplido con los requisitos que la ley señala.

*Debe confirmarse la nota recurrida.*