ALBERT E. LEE, como síndico de THE UNITED P. R. SUGAR COMPANY (OF PUERTO RICO), recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

No. 909.—*Sometido:* Enero 5, 1934. *Resuelto:* Mayo 31, 1934.

W. L. *Newsom, Jr.*, abogado del recurrente; el registrador recu-
rrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Albert E. Lee fué nombrado síndico de la United Porto
Rican Sugar Company, corporación constituída debidamente
de acuerdo con las leyes de Puerto Rico. The Brockway
Motor Truck Corporation inició dos pleitos contra Luciano
R. Fuertes y obtuvo embargos para asegurar la efectividad
de las sentencias. Es de presumirse que estos embargos
fueron obtenidos de la corte en el curso ordinario. También
se desprende de la nota del registrador que dicha Brockway
Motor Truck Corporation obtuvo anotaciones preventivas
de los respectivos embargos.

Posteriormente, en junio 5, 1933, la Brockway Motor Truck
Corporation traspasó a Henry G. Molina todos los derechos
que tenía en la sentencia, incluyendo los adquiridos con mo-
tivo de los anteriores embargos. En 24 de julio, estando
todas las partes presentes ante un notario, Henry G. Molina
convino y trató de subordinar o postergar a favor de Albert
E. Lee, el síndico antes mencionado, cualesquiera derechos
que Molina pudiera tener con motivo de los aludidos em-
bargos.

Cuando esta escritura de subordinación fué presentada al
Registrador de la Propiedad de Humacao, éste se negó a ins-
cribir la misma según aparece de la siguiente nota:

"DENEGADA la nota marginal solicitada de esta subordinación con
vista de otros documentos y entre ellos un acta aclaratoria ante el
mismo notario Newsom, Jr., y un documento de cesión otorgado pri-
vadamente y suscrito por *affidavit* ante notario público en favor de

Henry G. Molina, porque del registro aparece que la Brockway Motor Truck Corporation of P. R. solamente tiene en las fincas anotaciones preventivas de embargos para asegurar la efectividad de futuras sentencias a su favor como demandante y en contra del demandado o dueño de los inmuebles embargados, las cuales anotaciones no constituyen derecho real alguno inscrito que pueda ser objeto de las anotaciones o notas marginales que autoriza la Ley Hipotecaria o su Reglamento ni de la nota marginal de subordinación que se ha solicitado, y porque además, en cuanto respecta a la finca número 5 únicamente no se halla inscrito el derecho de arrendamiento de la United P. R. Sugar Co. of P. R. beneficiado por esta subordinación, finca que se halla inscrita a favor del Pueblo de P. R., tomándose en su lugar anotaciones por 120 días de acuerdo con la ley por las notas marginales que aparecen en los tomos, folios, fincas e inscripciones que a continuación se expresan, a saber: . . . .''

■ ■ El punto que el registrador suscita es que las partes pueden reunirse con respecto a ciertos derechos, comparecer ante un notario y obtener la inscripción de sus referidos derechos; en otras palabras, que las partes pueden de ordinario hacer todo lo mencionado en el Código Civil que afecte bienes sin la intervención de ningún otro funcionario público que el notario. El registrador quizá no lo dijo así específicamente en su nota, pero lo que él necesariamente tuvo en mente fué que las anotaciones preventivas no incluían esta facultad o privilegio. Si bien no tenemos verdadera crítica que hacer, el registrador quizá pudo ser un poco más claro si hubiese dicho que las anotaciones de embargo son hechas por orden de la corte y que deben ser alteradas o modificadas en igual forma, conclusión a que hemos llegado.

En la mayoría de los casos en que personas están capacitadas para contratar o actuar, los derechos pueden transigirse sin necesidad de recurrir a las cortes. El registro de la propiedad es un depositario especial donde las partes no pueden reunirse siempre por su mera voluntad sino que deben seguir las reglas establecidas por la Legislatura. Como una anotación de embargo debe obtenerse mediante una orden de la corte, de igual modo cualquier modificación del mismo

en el registro debe obtenerse a virtud de una orden de la corte. No estamos considerando casos como el de *Pérez* v. *Registrador,* ante, pág. 831, donde aparece del registro mismo que un derecho queda totalmente extinguido por confusión o en alguna otra forma.

El recurrente hizo una alegación al efecto de que si esta modificación no se anotaba en el registro de la propiedad, las partes quizá podían ser privadas de su propiedad sin debido proceso de ley. El recurrente está equivocado al decir esto. Es indudable que el recurrente tenía aparentemente un derecho, dando los pasos necesarios preliminares para que su arrendamiento fuese inscrito en el registro de la propiedad con anterioridad a los embargos anotados, pero el registrador no tenía poder alguno para dar efecto a este derecho sin una orden de la corte.

Los derechos constitucionales del recurrente no fueron afectados en forma alguna por la actuación del registrador. Lo que el recurrente dejó de hacer fué valerse de los medios necesarios para hacer que su privilegio fuese anotado en el registro.

Los derechos del registrador son algo limitados. Por ejemplo, en *Laborde* v. *Registrador de Humacao,* 27 D.P.R. 628, resolvimos que el registro no era el sitio en que se debían resolver derechos en conflicto. En *Noriega* v. *Registrador,* 44 D.P.R. 323, decidimos que si bien de los documentos que el registrador tenía a la vista podía aparecer que cierto derecho, el de hogar seguro, no existía, sin embargo, él no podía cancelar la inscripción hasta que una corte le ordenara debidamente 'hacerlo así. Quizá nuestras decisiones demuestren muchas otras situaciones en que el registrador no está autorizado para actuar. Es un caso de *lex scripta.* Las anotaciones de embargo son hechas en el registro por orden de la corte y deben ser cambiadas, modificadas o alteradas solamente por orden de la corte.

No deseamos dar indebido énfasis al hecho de que podría haber otros derechos pendientes ante la Corte de Distrito

de Humacao y que la corte podría decidir que otras personas debían ser oídas antes de efectuar cualquier cambio en las anotaciones existentes en el registro de la propiedad. Aun podría suceder que algún otro acreedor hubiese obtenido un embargo con posterioridad a los efectuados por la Brockway Motor Truck Corporation. Decimos que no deseamos dar énfasis porque, según se ha indicado, las razones para una regla positiva de procedimiento en el registro no tienen que ser expuestas, si la regla en sí es clara.

*Debe confirmarse la nota recurrida.*