Francisco Pérez Guerrero, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

Núm. 974.—*Sometido:* Mayo 29, 1936. *Resuelto:* Junio 26, 1936.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

Éste es un recurso gubernativo interpuesto por Francisco Pérez Guerrero contra el Registrador de la Propiedad de San Juan, Sección Primera. Los hechos, cronológicamente expuestos, son, como sigue:

Doña Ramona Orabona y sus tres hijos José Narciso, José Ramón y José Alejandro Viader Orabona eran dueños de un solar con casa terrera, en Santurce, en la proporción de un condominio de $300 para cada uno, siendo el valor total de la finca la cantidad de $1,200. Por muerte del menor José Alejandro Viader, su madre doña Ramona Orabona, como su única heredera, adquirió el condominio de una cuarta parte pro indiviso en la ameritada finca.

En 29 de marzo de 1934, en cumplimiento de una orden dictada por la Corte Municipal de San Juan en el pleito seguido por la Sociedad Protectora de Niños de Río Piedras contra Ramona Orabona Vda. de Viader, en cobro de dinero, se practicó en el Registro la anotación de embargo letra "A"

sobre el condominio de $300 correspondiente a la demandada, para responder de la suma de $498.50 más las costas. Para esa fecha no se había inscrito aún a favor de la señora Orabona el condominio adquirido por ésta al fallecer su hijo José Alejandro.

Por escritura de 25 de febrero de 1933, la señora Orabona por su propio derecho y en su carácter de madre con patria potestad sobre sus dos hijos José Narciso y José Ramón, con la autorización previa de la corte de distrito, constituyó hipoteca sobre el mencionado solar y casa a favor del recurrente don Francisco Pérez Guerrero, en garantía de un préstamo de $350, pagadero en el término de un año. Por la inscripción 2ª de la finca en cuestión, se inscribió a favor de la señora Orabona el condominio que ésta adquirió de su difunto hijo, y a favor del recurrente su derecho de hipoteca. En la referida inscripción 2ª, que fué practicada en 25 de abril de 1934, se hizo constar que la finca estaba afecta a la ya mencionada anotación de embargo letra ''A'', a favor de la Sociedad Protectora de Niños de Río Piedras.

Ejecutada la hipoteca por incumplimiento de sus condiciones, la finca fué adjudicada al acreedor hipotecario recurrente, quien presentó para su registro al registrador recurrido la escritura de compraventa judicial que le fué otorgada por el Márshal de la Corte de Distrito de San Juan.

Verificada la venta judicial y su inscripción a favor del recurrente, éste solicitó y obtuvo de la corte de distrito un mandamiento por el que se ordenaba al recurrido la cancelación de todo gravamen posterior al crédito ejecutado por el recurrente, que pesara sobre el inmueble y especialmente la anotación de embargo letra ''A'' a favor de la Sociedad Protectora de Niños de Río Piedras. La nota denegatoria del registrador recurrido lee así:

''Denegada la cancelación de embargo que comprende el documento que precede por observarse que la referida anotación de embargo es anterior a la hipoteca que se ejecutó, y no posterior como

expresa el documento, tomándose en su lugar anotación preventiva por 120 días al folio 107 vuelto del tomo 146 de Santurce Norte, finca 6617, anotación B, San Juan, abril 22 de 1936.''

Se alega en la petición que en los edictos publicados en el procedimiento seguido para la ejecución de la hipoteca a favor del recurrente, se insertó un aviso que copiado literalmente dice:

''Se hace saber a los licitadores y a toda persona que tenga interés en tomar parte en dicha subasta, y a cualquier anotante por gravamen no preferente, que sobre esa finca pesa una anotación de embargo que responde a un crédito personal posterior por la suma de $494.50 y se le avisa por medio de este edicto a ese acreedor posterior, de esta subasta por si quiere acudir a la misma para salvar su crédito, siendo el referido acreedor posterior 'La Sociedad Protectora de Niños de Río Piedras, P. R.' ''

Se pide la revocación de la nota recurrida por los siguientes fundamentos:

1. Porque el Registrador ha dado a una anotación preventiva de un embargo para aseguramiento de una posible sentencia en cobro de dinero, un alcance legal que no tiene de acuerdo con los principios jurídicos que rigen en materia hipotecaria.

2. Porque no se trata de un caso de dos derechos iguales o de la misma naturaleza, en el que deba aplicarse el principio de prioridad en la inscripción o anotación, según fuere el caso.

Para sostener su nota denegatoria, alega el recurrido: Que no se trata de la cancelación de una anotación de embargo, extendida con posterioridad a la inscripción de una hipoteca que se ejecutó, sino de un embargo anotado con anterioridad a la inscripción de dicha hipoteca; y que si es preferente el derecho del hipotecario recurrente, no corresponde al registrador clasificar la pioridad de tal derecho, pues este asunto no es materia de registro, sino de los tribunales. Y como justificación de su actuación cita el recurrido las decisiones de esta Corte Suprema en *Polanco* v. *Registrador,* 44 D.P.R. 827, y *Pérez* v. *Registrador,* 46 D.P.R. 249.

 La cuestión que tenemos que resolver no es la de si el recurrente tiene o no derecho a la cancelación de la anotación de embargo. De lo que se trata es de si el registrador está facultado por la ley para practicar esa cancelación, sin el consentimiento o sin audiencia de la persona interesada en la anotación de embargo que se trata de cancelar.

No se ha presentado constancia alguna de que la Sociedad Protectora de Niños de Río Piedras haya dado su consentimiento para que se practique la cancelación que solicita el recurrente, ni de que dicha sociedad haya sido emplazada o citada como parte en el procedimiento dentro del cual se solicitó y ordenó la cancelación.

El aviso insertado en los edictos, por el que se invitaba a la parte interesada en la anotación de embargo a asistir a la subasta, no puede tener el efecto del emplazamiento o citación personal que la ley requiere como condición previa para que el tribunal competente pueda adquirir jurisdicción sobre la persona interesada en el derecho que se pretende cancelar.

Este tribunal ha resuelto en varios casos que el registrador de la propiedad no está facultado por la ley para hacer una clasificación o establecer el orden de prioridad de los derechos entre las partes, ni para cancelar una inscripción o anotación sin el consentimiento de la parte interesada o sin una sentencia o mandamiento judicial dictado en un procedimiento en el que haya sido citada dicha parte interesada. Véanse: *Polanco v. Registrador,* supra; *Pérez v. Registrador,* supra, y *El Pueblo v. Registrador,* 44 D.P.R. 797. Existen excepciones a esta regla, pero el presente caso no cae dentro de ninguna de ellas.

*Creemos que el registrador en el presente caso procedió correctamente al negarse a cancelar la anotación de embargo y que la nota recurrida debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.