JOVITO GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 1038.—*Sometido:* Enero 24, 1939. *Resuelto:* Febrero 17, 1939.

*Francisco González Fagundo* y *Brown, González & Newsom,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

En una escritura notarial otorgada el 21 de agosto de 1925, el tesorero de una corporación reconocía haber recibido el pago de cierta obligación y cancelaba o trataba de cancelar una hipoteca otorgada para garantizar el pago de la antedicha obligación. En una sesión de la Junta de Directores celebrada el 10 de diciembre de 1938, se aprobó una resolución bajo la cual los directores de la corporación ratificaban la actuación del tesorero.

El registrador de la propiedad se negó a cancelar la hipoteca porque del registro aparecía que el crédito hipotecario estaba sujeto a un embargo inscrito el 25 de agosto de 1930 que fué prorrogado por órdenes posteriores de la corte; y porque tal inscripción no podía ser cancelada sin el consentimiento del acreedor embargante o sin una orden de la corte. El registrador también indicó que la fecha de la ratificación era posterior a la del embargo y a las de las varias prórrogas. Citó en apoyo de su resolución los casos de *Escalona* v. *Registrador,* 7 D.P.R. 477; *León* v. *Registrador,* 46 D.P.R. 55 y *Pérez* v. *Registrador,* 50 D.P.R. 289.

El recurrente sostiene que presentó la escritura de cancelación al registrador y que no solicitó se cancelara la anotación del embargo. El registrador en su alegato se refiere a su nota como equivalente a la negativa de la solicitud para que se inscriba el documento. En su consecuencia así interpretamos su nota.

El registrador no puso en tela de juicio la eficacia de la escritura de agosto 21, 1925, acompañada por la resolución de ratificación, excepto en cuanto a su alcance y efecto sobre los derechos inscritos con anterioridad a la fecha de la ratificación. En su consecuencia, no es necesario que nos detengamos ahora a especular en torno a posibles motivos de objeciones que no han sido suscitados por la nota recurrida.

Si la escritura de cancelación—fuera de cualquiera cuestión relativa a sus posibles efectos sobre posteriores derechos inscritos—era o no inscribible, no vemos razón alguna por la cual no debió ser inscrita sin perjuicio de tales derechos. Tal proceder, aunque protegería los derechos ya inscritos, evitaría nuevas complicaciones informando a los acreedores embargantes y a otras personas interesadas de cualesquiera derechos que el dueño actual de la finca en cuestión pueda tener.

*La nota recurrida debe ser revocada con instrucciones de que se inscriba la escritura de cancelación sin perjuicio de los derechos del acreedor embargante a que se hace referencia en la nota del registrador.*