Juan Sierra Cordovés, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

Núm. 1061.—*Sometido:* Enero 8, 1940. *Resuelto:* Julio 5, 1940.

*Luis Tirado Géigel,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Para garantizar un pagaré expedido a la orden de Enrique Malaret, Federico Vázquez Calaf otorgó hipoteca sobre una finca situada en Santurce. El pagaré apareció en poder de Francisco San Miguel y su esposa, Haydée Fuxench. Éstos fueron aparentemente los tenedores de dicho pagaré por un período de tiempo cuando, en 17 de noviembre de 1939, acudieron ante un notario y reconocieron haber recibido el pago de la suma de $800, etc., garantizada por la hipoteca. Al presentarse la escritura de cancelación al Registrador de la Propiedad de San Juan, éste denegó la inscripción de la misma en la siguiente nota:

"Denegada la cancelación solicitada en este documento, con vista del pagaré, por observarse que la hipoteca que se cancela aparece embargada por falta de pago de contribución de herencia y aparecer asimismo que el pagaré representativo de la dicha hipoteca fué expedido a la orden de Enrique Malaret, sin que éste lo haya endosado a los esposos Francisco San Miguel y Haydée Fuxench, ni a ninguna otra persona, deniego la cancelación solicitada y en su lugar tomo anotación preventiva por 120 días, al margen de la inscripción 9a., de la finca 4044, al folio 127 del tomo 131 de Santurce Norte."

■■ Al acudir en apelación para ante este tribunal la primera cita que hace el recurrente es el artículo 71 de la Ley Hipotecaria, que lee así:

"Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación. . . ."

El recurrente insiste en que la palabra "anotación" se refiere a embargos y que esto es aclarado aun más por el artículo 42 de la Ley Hipotecaria, que dice, por ejemplo, "el que, con arreglo a derecho, obtuviere a su favor mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor", y que así lo hemos resuelto en el caso de *Antonsanti* v. *Registrador,* 9 D.P.R. 190, 192.

Sin embargo, al leer los artículos 42 y 71, supra, nos inclinamos a pensar que los embargos a que éstos se refieren son aquéllos trabados contra la propiedad y que no incluyen un embargo contra un crédito hipotecario inscrito en el registro. Lo que queremos decir es que el gravamen o embargo que aquí se trató de anotar no fué trabado contra la propiedad misma sino nominalmente contra el crédito hipotecario.

Desde luego, el acreedor de un deudor original podía incautarse de la deuda de tal acreedor mediante un procedimiento apropiado en la Corte de Distrito de San Juan, como un embargo después de sentencia dirigido contra el deudor original, asumiendo, conforme hacemos nosotros, que el importe de dicha deuda es debido a tal acreedor del acreedor. Los hechos ante nos, sin embargo, son distintos.

Lo que ocurrió fué que el Sr. Malaret, dueño del pagaré original suscrito por el dueño de la propiedad, traspasó el mismo a San Miguel y su esposa, quienes alegaron ser los dueños y tenedores del pagaré garantizado por hipoteca que está ante esta corte. Sierra, el actual dueño de la propiedad, evidentemente sabía o averiguó que San Miguel y su esposa eran los tenedores, de no ser los dueños, del pagaré; y procedió a satisfacerles el importe del mismo. Sierra obtuvo la cancelación del pagaré que es objeto de la nota del registrador de la propiedad.

En una parte de su alegato el recurrente sugiere que la única forma correcta de embargar este crédito era incautándose del mismo en poder de los tenedores del pagaré. Nos sentimos obligados a resolver que no hay nada en el récord que demuestre que el interés de San Miguel y su esposa en el pagaré fué embargado por El Pueblo de Puerto Rico.

Teníamos algunas dudas con respecto a qué había ocurrido exactamente y ordenamos que se nos enviaran copias certificadas de los documentos anotados. Un examen de los mismos revela que no se hizo nada para notificar a los actua-

les supuestos tenedores del pagaré expedido a favor del Sr. Malaret.

También, en cuanto pueda tener relación, los papeles de anotación dicen únicamente "copia enviada a Juan Sierra." No sabemos exactamente qué contenía esta copia, excepto por esta ligera referencia. Bajo estas circunstancias, cuando el Sr. Sierra pagó el importe del pagaré a San Miguel y su esposa él tenía derecho a una cancelación. Hubiera sido difícil o imposible para San Miguel y su esposa rehusar aceptar el pago.

El embargo, más especialmente, no estaba dirigido contra Sierra, sino contra su acreedor, Malaret. Se trató de hacer pagar a este último ciertas contribuciones de herencia adeudadas al Pueblo de Puerto Rico. Nos sentimos obligados a resolver que no se hizo nada en el caso para sujetar al Sr. Malaret al embargo, especialmente cuando ya él había perdido todo derecho, título o interés en el pagaré.

El registrador también rehusó inscribir la cancelación porque sostenía que el pagaré no había sido debidamente endosado de Malaret a San Miguel y su esposa. Como indica el apelante, y queda demostrado por un examen del pagaré, la firma de Malaret no aparece al dorso del documento, sino al calce del extenso pliego utilizado para hacer el pagaré. Éste fué un endoso en blanco suficiente y convirtió el instrumento en uno pagadero al portador en manos del Sr. San Miguel y su esposa.

Tenemos presente la decisión dictada por este tribunal en el caso de *González* v. *Registrador*, 54 D.P.R. 336. En ese caso se ordenó la cancelación sujeta a los derechos que pudiera tener el acreedor embargante, pero en el presente no encontramos necesario hacerlo así porque el Sr. Sierra es aquí claramente una persona que ha pagado una deuda, es el dueño de la propiedad y tiene derecho a que ésta aparezca libre de la deuda.

*La nota del registrador debe ser revocada y ordenarse la completa cancelación de la hipoteca.*