SALVADOR VIVÓ VILELLA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1085.—*Sometido:* Abril 7, 1941. *Resuelto:* Abril 18, 1941.

*H. Torres Solá* y *F. J. Pérez Almiroty,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Por escritura pública otorgada en 2 de abril de 1939, Salvador Vivó Vilella, el aquí recurrente, adquirió a título de cesión de Pedro Antonio Alcover un crédito hipotecario de $5,000, garantizado con hipoteca sobre una finca rústica radicada en el barrio ''Buenos Aires,'' de Lares. La referida cesión fué inscrita en el Registro de la Propiedad de Aguadilla el día 18 de abril de 1940.

En un pleito seguido ante la Corte de Distrito de San Juan por Insular Mercantile Company contra Alcover, se practicó el embargo del crédito hipotecario que aparecía inscrito a nombre del demandado Alcover. El embargo fué anotado en el Registro de Aguadilla en 12 de septiembre de 1939, o sea con posterioridad a la fecha de la cesión hecha por Alcover a Vivó, pero con anterioridad a la fecha de inscripción de dicha cesión.

En 25 de enero de 1941, el recurrente Vivó otorgó escritura de carta de pago y cancelación del crédito hipotecario. Y al ser presentada al registro, el registrador recurrido se negó a practicar la inscripción mediante nota que dice así:

''DENEGADA la inscripción a que se refiere este documento, con vista de un escrito, por observar que el crédito hipotecario cuya cancelación se interesa se encuentra embargado por Insular Mercantile Company, tomando en su lugar la anotación preventiva por el término legal de 120 días, al folio 237 del tomo 81 de Lares, finca número 3534 triplicado, anotación letra C.

''El escrito que acompaña el interesado alegando que el crédito fué cedido a Salvador Vivó Vilella a virtud de escritura otorgada

con anterioridad a la fecha del embargo ofrece un conflicto de derechos que debe ventilarse en el tribunal competente y no en el Registro de la Propiedad.''

El recurrente alega en síntesis como motivos y fundamentos legales en pro de la revocación de la nota denegatoria, los siguientes:

1. Que el registrador estaba obligado a practicar la inscripción, porque el artículo 71 de la Ley Hipotecaria expresamente autoriza la *enajenación* o *gravamen* de los bienes inmuebles o derechos reales anotados, sin perjuicio del derecho de la persona a cuyo favor se hiciera la anotación, y no establece excepción alguna para el caso en que la anotación del embargo haya sido hecha entre las fechas del otorgamiento del acto de enajenación o gravamen y la de su inscripción en el registro.

2. Que la prelación de un derecho real no inscrito, sobre un embargo inscrito, cuando el contrato generador del derecho real es de fecha anterior a la de la anotación del embargo está sostenida por el *stare decisis* en esta jurisdicción.

3. Que un embargo de cosa que no pertenece al demandado, no puede perjudicar a quien adquirió la cosa por escritura pública y con anterioridad al embargo, y no puede conllevar la reserva de derechos que establece el artículo 71 de la Ley Hipotecaria en favor de aquellos que anotaren un embargo antes de la fecha de la enajenación.

En oposición, alega el registrador recurrido:

1. Que la cancelación de hipoteca que se pretende anularía el derecho de la Insular Mercantile Company, la embargante del crédito hipotecario, y que sería injusto resolver el conflicto de derechos que surge de los hechos de este caso sin dar a la mencionada embargante una oportunidad de ser oída en defensa de su derecho.

2. Que la jurisprudencia sentada por esta Corte Suprema en *González* v. *Registrador,* 54 D.P.R. 336, y *Sierra* v. *Registrador,* 57 D.P.R. 229, no sostiene la contención del apelante,

por la razón de que los hechos en uno y otro caso son fun-. damentalmente distintos a los del caso de autos.

En *González* v. *Registrador,* supra, la escritura de cancelación del crédito hipotecario fué otorgada en 21 de agosto de 1925 y el embargo del crédito fué anotado en 25 de agosto de 1930. Al ser presentada en el año 1938 la escritura de cancelación, el registrador se negó a inscribirla alegando que la anotación del embargo no podía ser cancelada sin el consentimiento del acreedor embargante o sin una orden de la corte. Se resolvió, que anotado un embargo sobre un crédito hipotecario inscrito, procede inscribir una escritura de cancelación de dicho crédito otorgada *con anterioridad* a la fecha en que se anotó el embargo, sin perjuicio de los derechos que al acreedor embargante competan por razón del embargo. La diferencia entre el citado caso y el presente es que en éste la escritura de cancelación del crédito hipotecario fué otorgada *con posterioridad* a la fecha en que se practicó la anotación del embargo.

¿Es la diferencia que hemos apuntado tan sustancial que requiera que apliquemos al caso de autos una regla distinta a la sentada en el caso de *González?* A nuestro juicio no lo es. Cuando en el caso de *González* se anotó el embargo en agosto 25 de 1930, ya el crédito hipotecario que se trató de embargar había sido cancelado por escritura pública del 21 de agosto de 1925, la cual de acuerdo con el Código Civil surtió efecto contra el acreedor embargante desde el momento de su otorgamiento. En consecuencia el embargante no embargó nada, pues en la fecha en que se practicó el embargo ya la obligación garantizada por la hipoteca había sido extinguida. Es verdad que en el caso de autos la obligación garantizada por la hipoteca no fué satisfecha hasta después de haber sido anotado el embargo en el registro, pero no es menos cierto que cuando se practicó el embargo del crédito hipotecario, en 12 de septiembre de 1939, ya dicho crédito no pertenecía al deudor demandado por haberlo éste cedido al recurrente en 2 de abril de 1939—más de cinco meses antes

de anotarse el embargo—desde cuya fecha la escritura de cesión surtió efecto contra el acreedor embargante. Éste embargó una cosa perteneciente a una tercera persona, y no a su deudor. La situación jurídica del embargante es idéntica en uno y otro caso. Véanse: *Banco* v. *Vidal,* 2 D.P.R. 231, 242; *Longpré* v. *Wolff,* 23 D.P.R. 15; *Banco* v. *Solá,* 26 D.P.R. 63, y *Méndez Vaz* v. *De Choudens,* 35 D.P.R. 564.

En el presente caso, el dueño de la finca hipotecada tiene derecho a pagar el importe del préstamo y a exigir la cancelación de la hipoteca a la persona que de acuerdo con el registro aparezca como dueña de la hipoteca y contra la cual el embargo practicado por la Insular Mercantile Company no podía, de acuerdo con la jurisprudencia, tener validez o efecto legal alguno por haber sido anotado con posterioridad a la cesión del crédito hecha por el deudor de dicha compañía a una tercera persona. La validez de la cesión, que fué debidamente inscrita, no ha sido impugnada en forma alguna, y dicha cesión debe surtir todos sus efectos legales. Y nos parece lógico añadir, que si el deudor de la hipoteca tiene derecho a pagar su importe a quien resulta ser su acreedor de acuerdo con el registro y a quien no puede afectar un embargo anotado con posterioridad a la fecha de su adquisición del crédito, también debe tener derecho a que se haga constar en el registro el pago de la obligación y la cancelación de la hipoteca que lo garantizaba. Véanse: *Banco Territorial* v. *Vidal,* 2 D.P.R. 231; *La Sociedad etc., de Auxilio Mutuo* v. *Rossy,* 17 D.P.R. 83.

█ Convenimos con el registrador recurrido en cuanto a que él no está autorizado para cancelar la anotación de embargo hecha a favor de la Insular Mercantile Company, con la sola presentación de la escritura de cancelación del crédito embargado. *El Pueblo* v. *Registrador,* 44 D.P.R. 797; *Polanco* v. *Registrador,* 44 D.P.R. 827; *González* v. *Registrador,* supra.

*Por las razones expuestas se revoca la nota recurrida y se ordena al registrador recurrido que proceda a practicar la inscripción solicitada, sin perjuicio de los derechos que pueda tener la persona a cuyo favor se hizo la anotación de embargo.*