ALOMAR, DEMANDANTE Y APELADA, *v.* BOU, RODRÍGUEZ Y
BIGAS, S. EN C. ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama
en pleito sobre nulidad de escritura y otros extremos.
Traslado de causa.

No. 1999.—Resuelto en mayo 29, 1919.

LUGAR DE LA CELEBRACIÓN DEL JUICIO—NULIDAD DE TÍTULO—DETERMINACIÓN DEL
MISMO.—Todo el texto del artículo 75 del Código de Enjuiciamiento Civil
revela que fué la intención de sus redactores que las acciones para deter-
minar cuestiones de títulos sobre propiedad inmueble deberán sustanciarse
en el distrito en que radique la propiedad, y el título a la propiedad inmue-
ble queda completamente cambiado por una acción de nulidad que prospere.
Estrictamente quizás es el derecho del demandado lo que se determina, pero
evidentemente que el título del demandante se determina al mismo tiempo.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. Carlos Brunet.*
Abogado de la apelada: *Sr. José Q. Torres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La única cuestión envuelta en este caso es si una acción
establecida para que se declare nula una escritura y res-
tablezca el *status quo* es una donde radica de modo perma-
nente el objeto de la acción o en la cual el demandado tiene
derecho a insistir en que el juicio se celebre en el lugar de
su residencia.   El artículo 75 del Código de Enjuiciamiento
Civil prescribe lo siguiente:

"Artículo 75.—Deberán sustanciarse en el distrito en que radi-
que el objeto de la acción, o parte del mismo, sin perjuicio de la
facultad de la corte para cambiar el lugar de la vista, a tenor de
lo dispuesto en este código, los pleitos que se sigan por las causas
siguientes: 1, para recobrar la posesión de bienes raíces o de una
propiedad e interés en la misma o para determinar en cualquiera
forma dicho derecho o interés, y por daños causados a la propie-
dad inmueble; 2, para la partición de propiedad inmueble, 3, pa-
ra la ejecución de una hipoteca sobre propiedad inmueble.   Si la
propiedad estuviese radicada parte en un distrito y parte en otro,
el demandante podrá elegir cualquiera de los dos, y el distrito así
elegido será el propio para la vista del caso."

La Corte de Distrito de Guayama resolvió que la corte competente para conocer del caso era la de Guayama, donde fué establecida la acción y basaba su razonamiento en la teoría de que en la demanda se solicitó que la propiedad situada en Guayama se dejara en la misma situación que tenía antes del otorgamiento de la escritura cuya nulidad se busca, y se funda la corte en la sentencia de este tribunal en el caso de *Hernández* v. *Bernardini,* 25 D. P. R. 463.   En ese caso, además de la súplica contenida en la demanda sobre nulidad de procedimiento hipotecario estaba también envuelta una reclamación sobre reivindicación de finca.   En el presente caso, sin embargo, el demandado-apelante sostiene que debe hacerse caso omiso de la solicitud para que se restablezca el *status quo* y nos cita en apoyo de su contención el caso de *Ibáñez* v. *Diviñó,* 22 D. P. R. 518, y otros casos análogos que envuelven nulidades y cancelaciones de escrituras todos los cuales se ha interpretado que son acciones personales y no reales.

Si la distinción que establece el artículo 75 fuera únicamente contra acciones reales y personales, tendría razón el apelante.   El estatuto, sin embargo, es más amplio en sus términos y comprende no sólo las acciones reales sino también las acciones para determinar en cualquiera forma el derecho o interés en bienes inmuebles y por daños causados a la propiedad inmueble.   Algunas de estas acciones son necesariamente personales.   No deja de tener razón el apelante al sostener que no es la súplica de la demanda la que por sí determina el carácter de la acción.   Sin embargo, puede la misma tomarse en consideración al resolver la clase de acción a que pertenece el pleito.   De prosperar una acción para que se declare nula una escritura sobre bienes inmuebles queda resuelto absolutamente el derecho o interés del demandado y restablecido o establecido tal derecho o interés en el demandante.   Dado el sistema de registro de

títulos sobre bienes inmuebles y la necesidad de las anotaciones preventivas en Puerto Rico, no es demasiado arriesgado suponer que la legislatura, al adoptar sin hacer cambio alguno el estatuto de California, tuvo presente las ventajas de celebrar los juicios de los casos que afecten a títulos de propiedad en el distrito donde los bienes estén situados.    Otros cambios en el título V del Código de Enjuiciamiento Civil fueron hechos por la legislatura.    De todos modos, todo el contexto del artículo indica que fué la intención del legislador al decretar el artículo 75 que las acciones que resuelvan cuestiones de títulos deban ser juzgadas en el distrito en que los bienes radiquen.    Los títulos sobre bienes inmuebles quedan completamente cambiados por una acción de nulidad que prospere.

El caso de *Ibáñez* v. *Diviñó*, 22 D. P. R. 518, solamente resolvió para los fines de la aplicabilidad de los estatutos de prescripción, que una acción de nulidad era una acción personal y no real.    Desde luego que ni la corte inferior ni nosotros mismos tenemos ninguna idea de que tal acción en su esencia sea otra cosa que una acción personal, puesto que es el acto de las partes lo que se anula, pero dicha acción tiene fundamentalmente por objeto el determinar un · título sobre propiedad inmueble.    Real o históricamente tal vez es el derecho del demandado lo que se "determina" pero no se da gran fuerza a una palabra con decir que el título del demandante se determina al mismo tiempo.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.