THE FEDERAL LAND BANK OF BALTIMORE, peticionario y apelante, *v.* LA CORTE MUNICIPAL DE ARECIBO, HON. ERCILIO ALVARADO, JUEZ, recurrida; LUIS RIESTRA CALFO, interventor y apelado.

THE FEDERAL LAND BANK OF BALTIMORE, peticionario y apelante, *v.* LA CORTE MUNICIPAL DE ARECIBO, HON. ERCILIO ALVARADO, JUEZ, recurrida; MARÍA RIESTRA CALFO, interventora y apelada.

THE FEDERAL LAND BANK OF BALTIMORE, peticionario y apelante, *v.* LA CORTE MUNICIPAL DE ARECIBO, HON. ERCILIO. ALVARADO, JUEZ, recurrida; SERAPIA RIESTRA CALFO, interventora y apelada.

Nos. 6758, 6759 y 6760.—*Sometidos:* Abril 10, 1935. *Resueltos:* Mayo 10, 1935.

*Frank Martínez* y *E. Campos del Toro,* abogados del apelante; *E. Martínez Avilés* y *José M. Terrasa,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En estos tres recursos se encuentra envuelta la misma cuestión. Los estudiaremos conjuntamente.

Luis, María y Serapia Riestra Calfo presentaron demandas en la Corte Municipal de Arecibo contra The Federal Land Bank of Baltimore, Puerto Rico Branch, alegando ser jefes de familia con su hogar seguro constituído sobre determinada finca situada en el término municipal de Arecibo, que hipotecada al demandado fué por él ejecutada, habiéndosele adjudicado y dado posesión a virtud de orden judicial de lanzamiento, sin que les entregara los quinientos dólares

que les correspondían por su derecho de hogar seguro. Piden sentencias por dichas sumas.

El banco demandado solicitó el traslado de los pleitos a la Corte Municipal de San Juan, lugar de sus oficinas principales en Puerto Rico, y su solicitud fué denegada, por las siguientes razones:

" 'Si la distinción que establece el Art. 75 fuera únicamente entre acciones reales y personales, tendría razón el apelante. El estatuto, sin embargo, es más amplio en sus términos y comprende no sólo las acciones reales sino también las acciones para determinar en cualquier forma un derecho o interés en bienes inmuebles y por daños causados a la propiedad inmueble. Algunas de estas acciones son necesariamente personales, etc.' Alomar vs. Bou, 27 D.P.R. 427.

"Se ve claramente que no sólo deben sustanciarse en el distrito en que radican los inmuebles las acciones de carácter real sino que algunas acciones de carácter personal deben sustanciarse en el distrito que sea el *situs* del inmueble si en las mismas hay que determinar en alguna forma algún derecho o interés sobre bienes inmuebles.

"Una acción sobre *Homestead* puede ser real o personal según que se reclame una porción de la finca o la exención de la finca o se cobre la cantidad de QUINIENTOS ($500) DÓLARES que fija el estatuto. En el caso que nos ocupa la acción claramente es personal en cobro de QUINIENTOS ($500) DÓLARES por concepto de hogar seguro, pero no hay duda alguna de que esta acción representa un derecho o interés sobre bienes inmuebles y que por tanto a tenor de lo que establece el Art. 75 del Código de Enjuiciamiento Civil, la acción debe sustanciarse en el distrito en que radican los bienes."

El banco inició entonces en la corte de distrito un procedimiento de *certiorari*. El auto fué expedido y anulado luego. El juez del distrito en una elaborada opinión sostuvo la jurisdicción de la Corte Municipal de Arecibo para conocer de los pleitos.

No conforme el demandado interpuso estas apelaciones contra las sentencias de la corte de distrito.

Creemos que las sentencias deben confirmarse. Las resoluciones de la corte municipal están bien fundadas.

Esta Corte Suprema en el caso de *Lasalle* v. *Valencia*, 39 D.P.R. 611, 615, dijo que: "El derecho de *homestead* par-

ticipa de la naturaleza de un gravamen sobre la propiedad.''
·Y en el de *Noriega* v. *Registrador,* 44 D.P.R. 323, 325, expresó
que: ''Si los dueños anteriores gozan del derecho de hogar
seguro, para que el comprador pueda poseer un título perfecto debe saldar la reclamación. Ellos tienen de todos modos un gravamen sobre la propiedad.''

En un caso de *homestead* sobre traslado, *Manescau* v.
*Usera, Juez Municipal,* 46 D.P.R. 136, esta propia corte resolvió que:

''El derecho de hogar seguro reconocido por nuestra ley al jefe
·de familia como tal, lo es en relación con una propiedad real. Así,
una acción para el reconocimiento del derecho puede considerarse en
propios casos comprendida en el inciso 1, artículo 75 del Código de
Enjuiciamiento Civil, y debe sustanciarse en el distrito en que la
propiedad radica.''.

Y en el caso de *Federal Land Bank* v. *Corte Municipal,*
47 D.P.R. 942, 954, se expresó como sigue:

''En cuanto a la moción de traslado denegada por la Corte Municipal de Ciales, entendemos que dicho tribunal se ajustó a las disposiciones de la ley. De acuerdo con el artículo 75 del Código de
Enjuiciamiento Civil, deberán sustanciarse en el distrito en que radica el objeto de la acción, o parte del mismo, sin perjuicio de la
facultad de la corte para cambiar el lugar de la vista, los pleitos *for
the recovery of real property, or of any estate or interest therein,
etc.* Usamos el texto inglés porque habiendo sido estas leyes redactadas originalmente en este idioma, queremos poner de relieve la semejanza existente entre el *estate or interest therein* de que habla el
·artículo citado y el *estate of homestead, right and title therein* de
·que habla nuestra ley sobre hogar seguro. El artículo 75 dice claramente que una acción para recobrar un *estate or interest therein* debe
celebrarse en el sitio donde radique el objeto de la acción. En el
presente caso Nicolás Padilla Rivera, que es un jefe de familia con
esposa e hijos, ha sido amenazado, según se alega en la demanda, por
·el Federal Land Bank of Baltimore, con ser desalojado de la finca
donde tiene constituído su hogar seguro. El demandante en el pleito
en reclamación de *homestead* solicita que se le deje en la finca, reconociéndosele su derecho de *homestead* en la misma, o que se le entregue una cantidad por valor de $500. No surge de las alegaciones

de la demanda el valor de la 'finca, pero es claro que la base fundamental de este litigio es *the estate of homestead,* cuyo reconocimiento se reclama en la finca de que está en posesión Nicolás Padilla y que, por consiguiente, el juicio debe celebrarse donde radica el inmueble, que es en el municipio de Ciales.''

Se insiste todavía en que aquí se trata simplemente de la reclamación de los quinientos dólares, después de lanzado el dueño de la finca sobre la cual tenía su hogar seguro. El caso, eso no obstante, continúa en su esencia siendo el mismo. Las reglas de procedimiento deben ser fijas, claras, precisas. Resolver en la forma que pretende el apelante introduciría la confusión. Todo emana en estos casos de algo real. Los quinientos dólares son la extensión del derecho calculada en pesos y centavos. Constituyen el derecho mismo cuando no es posible que subsista sobre la propiedad. Y a su reclamación debe aplicarse la misma regla de procedimiento. Rige el artículo 75 de la Ley de Enjuiciamiento Civil.

*En tal virtud, deben confirmarse las sentencias recurridas.*

El Juez Asociado Sr. Wolf está conforme por creer que no existe el traslado de una corte municipal a otra. De otro modo estaría conforme con el razonamiento.